UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY (#336827),
ANTONIO HUDSON (#213154),
JOSE RODRIGUEZ (#695092) and
JEFFREY BROWN (#362446),

                                 CASE NO. 2:13-CV-10271
            Plaintiffs,      JUDGE PATRICK J. DUGGAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

v.

BRAD PURVES, DON SPAULDING,
GLENN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI and UNIDENTIFIED DEFENDANTS
NOS. 1-3,

            Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS CONWAY, HUDSON, RODRIGUEZ AND BROWN'S JUNE 21, 2013 EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND/OR PERMANENT INJUNCTION (Doc. Ent. 35)**

**I.    RECOMMENDATION:** The Court should either **(a)** deny plaintiffs Conway, Hudson, Rodriguez and Brown's June 21, 2013 emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction as moot on the basis that these plaintiffs will receive the relief they request by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or **(b)** grant plaintiffs' motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.

**II.    REPORT:**

**A.     Plaintiff Conway's January 22, 2013 complaint, filed pro se, identifies four (4) defendants.**[1]

Charles Conway (#336827) is currently incarcerated at the Saginaw Correctional Facility (SRF) in Freeland, Michigan. On January 22, 2013, while incarcerated at SRF, Conway filed the instant, verified prisoner civil rights complaint pro se against Brad Purves, identified as the Central Office Food Service Program Manager; Spalding, identified as the MDOC Food Service Director; G. Kusey, identified as an MDOC Food Service worker; and Lloyd Rapelje, SRF Warden. Doc. Ent. 1 at 1-9; *see also* Doc. Ent. 1 at 10-50, Doc. Ent. 1-1 (Exhibits A-M).[2]

Along with his complaint, plaintiff filed an application to proceed without prepayment of fees. Doc. Ent. 2. On January 30, 2013, Magistrate Judge Whalen entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments. The initial partial filing fee was $3.11. Doc. Ent. 5.

**B.     The Court has stricken the April 24, 2013 Amended Complaint, Filed by Counsel, which Sought to Add Three (3) Plaintiffs and Seven (7) Named Defendants.**

On April 24, 2013, attorney Lena F. Masri entered an appearance on behalf of Conway. Doc. Ent. 15.[3] On the same date, an amended complaint was filed (Doc. Ent. 16), which adds plaintiffs Antonio Hudson (#213154), an inmate at Newberry Correctional Facility (NCF); Jose Rodriguez (#695092), then an inmate at Central Michigan Correctional Facility (STF) but

---

[1]This case is one of a few before this Court in which plaintiffs contest the adequacy of their diets during Ramadan. *See, i.e., Welch v. Spaulding*, No. 2:12-cv-13172-PDB-PJK (E.D. Mich.); *Conway v. Purves*, No. 2:13-cv-10271-PJD-PJK (E.D. Mich.); and *Kyles v. Kusey*, No. 2:13-cv-10355-SJM-PJK (E.D. Mich.); *see also Heard v. Finco*, No. 2:13-cv-11342-VAR-MJH (E.D. Mich.) (transferred to W.D. Mich. on April 3, 2013 (Case No. 1:13-cv-00373)).

[2]Assistant Attorney General Allan J. Soros has filed appearances on behalf of defendants Purves, Rapelje, Kusey and Spaulding. Doc. Entries 8, 9 and 12.

[3]Plaintiffs are also represented by attorney Shereef H. Akeel. Doc. Ent. 21.

2

currently an inmate at Parnall Correctional Facility (SMT); and Jeffrey Brown (#362446), an inmate at Alger Correctional Facility (LMF). Doc. Ent. 16 ¶¶ 10-13.

The amended complaint identifies defendants Purves as the MDOC Correctional Facilities Administration (CFA) Food Service Program Manager; Spaulding as a former SRF Food Service Director; Kusey as the SRF Food Service Director; and Rapelje as the SRF Warden. Doc. Ent. 16 ¶¶ 16, 18, 19 & 20. It also adds defendants Daniel H. Heyns (MDOC Director), Dennis Straub (MDOC CFA Deputy Director), Tom Burkett (former STF Warden), Mitch Perry (NCF Warden), Jeffrey Larson (STF Warden), Catherine S. Bauman (LMF Warden) and Ricc Ricciardi (LMF Food Service Director), as well as Unidentified Defendant No. 1 (the MDOC Field Operations Administration Deputy Director), Unidentified Defendant No. 2 (NCF Food Service Director) and Unidentified Defendant No. 3 (STF Food Service Director). Doc. Ent. 16 ¶¶ 14-15, 17, 21-27.

The allegations within the complaint are described as denial of a proper caloric intake during the month of Ramadan ("Ramadan Policy"), Doc. Ent. 16 ¶¶ 35-55, and denial of a halal food diet, Doc. Ent. 16 ¶¶ 56-66. There are also allegations as to plaintiff Charles Conway, Doc. Ent. 16 ¶¶ 67-81; Antonio Hudson, Doc. Ent. 16 ¶¶ 82-94; Jose Rodriguez, Doc. Ent. 16 ¶¶ 95-107; and Jeffrey Brown, Doc. Ent. 16 ¶¶ 108-121. The causes of action are:

    I.      Preliminary Injunction and/or Permanent Injunction

    II.     Violation of Religious Land Use and Institutionalized Persons Act [RLUIPA[4]] (Religious Exercise)

    III.    Violation of [RLUIPA] (Discrimination on the Basis of Religion)

    IV.    Violation of First and Fourteenth Amendment to the United States Constitution (Free Exercise of Religion)

---

[4]RLUIPA is codified at 42 U.S.C. §§ 2000cc-2000cc-5.

    V.      Violation of First and Fourteenth Amendment to the United States Constitution (Establishment Clause)

    VI.     Violation of First and Fourteenth Amendment to the United States Constitution (Equal Protection)

    VII.    Violation of Eighth and Fourteenth Amendment to the United States Constitution (Cruel and Unusual Punishment)

Doc. Ent. 16 ¶¶ 122-238. The prayer for relief seeks a declaratory judgment, an injunction and an award of attorney fees, costs and expenses pursuant to 42 U.S.C. § 1988. Doc. Ent. 16 at 37-39.[5]

On April 30, 2013, defendants Kusey, Purves, Rapelje and Spaulding filed a motion (Doc. Ent. 20) to strike the amended complaint (Doc. Ent. 16) and all summonses issued pursuant to the amended complaint. On June 7, 2013, I entered an order (Doc. Ent. 31) granting in part defendants' April 30, 2013 motion (Doc. Ent. 20) to strike the April 24, 2013 amended complaint (Doc. Ent. 16). Therein, I made the following specific conclusions:

> Plaintiffs' April 24, 2013 amended complaint (Doc. Ent. 16) is a timely amendment "as a matter of course[.]" Fed. R. Cv. P. 15(a).
>
> However, additional plaintiffs would be proportionately liable for the $350 filing fee, and the three (3) new plaintiffs have yet to file an "Application for Prisoner to Proceed Without Prepayment of Fees or Costs."
>
> Furthermore, plaintiffs' RLUIPA claims for monetary damages against defendants in their individual capacities are not cognizable and should be dismissed.
>
> Also, the Court may still screen the April 24, 2013 amended complaint.

---

[5]Assistant Attorney General Kevin M. Thom has appeared on behalf of defendants Purves, Spaulding, Kusey and Rapelje (Doc. Ent. 18). On May 14, 2013, Thom filed a limited appearance on behalf of six (Heyns, Perry, Larson, Ricciardi, Straub and Bauman) newly but improperly named defendants to challenge jurisdiction and service of process (Doc. Ent. 24).
    To date, Burkett has not appeared.

> Finally, I decline to grant the instant motion on the basis that venue in this Court is inappropriate for those plaintiffs and defendants associated with MDOC correctional facilities in Michigan's Upper Peninsula.

Doc. Ent. 31 at 5-13. In addition to directing the Clerk of the Court to strike the April 24, 2013 amended complaint (Doc. Ent. 16), the order permitted plaintiffs fourteen (14) days from the date of this order, unless objections to it are filed, in which case plaintiffs SHALL have fourteen (14) days from the date of an order affirming this ruling, to file an amended complaint which does not contain RLUIPA claims for monetary damages against defendants in their individual capacities. Doc. Ent. 31 at 13-14.

**C.     The June 20, 2013 second amended complaint is brought by four (4) plaintiffs against eleven (11) defendants.**

On June 20, 2013, plaintiffs Conway, Hudson, Rodriguez and Brown filed a second amended complaint for declaratory relief, injunctive relief and damages against ten (10) defendants, specifically, Heynes and Straub in their official capacities (¶¶ 14-15), Spaulding, Burkett and Larson in their individual capacities (¶¶ 16-18) and Purves, Rapelje, Kusey, Perry, Bauman and Riccardi in their official and individual capacities (¶¶ 19-24). Doc. Ent. 32. The allegations include Denial of a Proper Caloric Intake During the Month of Ramadan ("Ramadan Policy") (¶¶ 32-52) and Denial of a Halal Food Diet (¶¶ 53-63). Plaintiffs seek a preliminary injunction and/or permanent injunction (¶¶ 120-132), and further allege violations of the RLUIPA (Religious Exercise) (¶¶ 133-147), the RLUIPA (Discrimination on the Basis of Religion) (¶¶ 148-160), the First and Fourteenth Amendment to the United States Constitution (Free Exercise of Religion) (¶¶ 161-176), the First and Fourteenth Amendment to the United States Constitution (Equal Protection) (¶¶ 177-193), and the Eight and Fourteenth Amendment to the United States Constitution (Cruel and Unusual Punishment) (¶¶ 194-221).

**D.     Currently, There Are Five (5) Pending Motions.**[6]

**1.**     On April 3, 2013, defendants Kusey, Purves and Rapelje filed a motion to dismiss. Doc. Ent. 10. On April 5, 2013, defendant Spaulding filed a motion for dismissal (Doc. Ent. 13), wherein he raises the same arguments. Doc. Ent. 13 at 7-8.

The Court's April 12, 2013 order set the deadline for responses to these two motions for May 28, 2013. Doc. Ent. 14. However, the Court's May 28, 2013 order extended that deadline. Doc. Ent. 30. A response was filed on July 8, 2013. Doc. Ent. 42.

**2.**     On April 29, 2013, defendants Kusey, Purves, Rapelje and Spaulding filed a motion for leave to take deposition of plaintiff Charles Conway. Doc. Ent. 19. Conway filed a response on May 13, 2013. Doc. Ent. 23. On May 15, 2013, defendants Kusey, Purves, Rapelje and Spaulding filed a reply. Doc. Ent. 26.

**3.**     On June 21, 2013, plaintiffs Conway, Hudson, Rodriguez and Brown filed an emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction (Doc. Ent. 35), which is discussed in further detail below.

**4.**     On July 1, 2013, defendants Kusey, Purves, Rapelje and Spaulding filed a motion (Doc. Ent. 40) to strike the second amended complaint (Doc. Ent. 32) and for a more definite statement. Therein, defendants argue that plaintiffs' second amended complaint "is a shotgun pleading that does not provide fair notice of which plaintiffs are making which claims against which defendant/s." Doc. Ent. 40 at 9-11.

**D.     The Court should either deny plaintiffs Conway, Hudson, Rodriguez and Brown's June 21, 2013 emergency motion for injunctive relief as moot or grant plaintiffs' motion to the request it seeks preliminary injunctive relief.**

---

[6]Judge Duggan has referred this case to me for pretrial matters. Doc. Ent. 11.

**1.**     By way of an attached proposed order granting permanent injunction, plaintiffs' June 21,

2013 emergency motion seeks entry of an order providing that:

>    1.     A permanent injunction is hereby entered enjoining Defendants and all statewide facilities, prisons and institutions that Defendants have supervisory and/or operational controls over, from denying Plaintiffs, and other Muslim inmates, participating in the Ramadan fast, a balanced nutritional diet containing between 2600 and 2900 calories on any given day during Ramadan.
>
>    2.     Defendants shall eliminate any existing policy or directive whereby Plaintiffs, and other Muslim inmates, participating in the Ramadan fast, are denied a balanced nutritional diet containing between 2600 and 2900 calories on any given day during Ramadan.

Doc. Ent. 35-1.[7]

On June 25, 2013, my case manager entered a notice of determination of motion without oral argument which set the response deadline for June 28, 2013. Doc. Ent. 37.

**2.**     On June 28, 2013, defendants Purves, Kusey, Rapelje and Spaulding filed a response (Doc. Ent. 39), wherein they argue:

>    **I.**     Plaintiff's request for permanent injunctive relief must be denied as premature, since discovery and summary judgment motions and/or trial have not occurred and a permanent injunction may only be entered after a valid adjudication on the merits and an appealable final judgment has been entered.
>
>    **II.**    Injunctive relief may not be issued: (a) against a party over whom the Court has no personal jurisdiction; (b) for retrospective injunctive relief against a party in violation of Eleventh Amendment immunity; (c) for a prisoner whose claims are moot because he has been transferred to a new prison and no longer has any contact with the Defendants where he formerly resided; (d) for claims about Ramadan 2013 that are not yet ripe

---

[7]Other attachments to plaintiffs' motion include MDOC Calorie Intake Charts (Doc. Ent. 35-2), Ramadan Menus from 2011 and 2012 (Doc. Ent. 35-3), MDOC Ramadan Meal Guidelines (Doc. Ent. 35-4), Statewide Menus from 2011 and 2012 (Doc. Ent. 35-5) and the Ramadan Menu 2013 (Doc. Ent. 35-6).

because Ramadan 2013 has not yet occurred and the MDOC meal plan is merely a draft; and (e) Plaintiff's may not seek injunctive relief against Defendant Donald Spaulding when they are only suing him in his individual capacity (only Plaintiff-Prisoner Conway has a claim against Donald Spaulding and it is an individual capacity claim for money damages—not injunctive relief).

**III.** None of the Plaintiffs have filed a prisoner grievance over Ramadan 2013 and none of them have exhausted their administrative remedies per 42 U.S.C. § 1997e(a) and they may not seek injunctive relief for Ramadan 2013, as a result. The Ramadan 2013 meal plan will have between 2200-2600 calories per day and Plaintiffs are off-base and factually wrong in claiming it will not and they should be made to follow the grievance process, if they have a grievance about Ramadan 2013.

**IV.** The motion for injunctive relief is moot where the alleged harmful conduct (allegedly not enough calories) cannot be factually sustained or supported or has been discontinued.

**V.** An evidentiary hearing must be held before any injunctive relief may be granted and any evidentiary hearing must be held before the United States District Court Judge and not a Magistrate, since the parties have not consented to a trial before a Magistrate per Fed. R. Civ. P. 73, and an evidentiary hearing on a motion for preliminary injunction may advance the trial on the merits and be combined with a trial on the merits per Fed. R. Civ. P. 65.

**VI.** Plaintiffs must post a security bond, to be set by this Court, following an evidentiary hearing, before any injunctive relief may be granted.

**VII.** Allegations in [the unverified June 20, 2013 second amended complaint (Doc. Ent. 32)] may not support a motion for injunctive relief and must be rejected.

*See* Doc. Ent. 39 at 8-22.

Among the attachments to defendants' response is the June 28, 2013 affidavit of Brad Purves. Doc. Ent. 39-2. Therein, Purves attests that "[t]he final 2013 Ramadan Meal Plan provides a daily caloric content ranging from 2,350 to 2,594 calories." Doc. Ent. 39-2 ¶ 6.[8]

**3.** On July 3, 2013, plaintiffs filed a reply. Doc. Ent. 41. Therein, they argue that "[t]he injunctive relief sought is within reach based on defendants' admissions in their response[,]" and "[t]he requested relief is sought against the [MDOC] who oversees all of [the] named defendants."

In the end, plaintiffs request that the Court grant their motion, ensuring that "Plaintiffs and other Muslims similarly situated receive a proper nutritional and caloric intake for the duration of the month of Ramadan, currently scheduled to commence on **July 9, 2013**, and grant costs, attorneys' fees, and any other relief it deems just and equitable." Doc. Ent. 41 at 3 (emphasis in original). It is plaintiffs' position that "[t]he only remaining issue now before this . . . Court is to ensure that the 2013 Ramadan Menu and distribution of food is done in a timely manner so as not to infringe upon Plaintiff's sincerely held religious beliefs." Doc. Ent. 41 at 3 n.1.

**4.** On July 9, 2013, defendants Kusey, Purves, Rapelje and Spaulding provided the Court with notice of Judge Quist's July 8, 2013 memorandum opinion and order denying plaintiffs' motion for preliminary injunction in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.). Doc. Ent. 43; *see also* Doc. Ent. 43-2 and Doc. Ent. 44.

In *Heard*, four (4) prisoners at Lakeland Correctional Facility (LCF) in Coldwater, Michigan alleged that past Ramadan meals "provide[d] only approximately 1,000 to 1,500

---

[8]Also attached to this response is MDOC PD 04.02.135 ("Securepak Program"), effective June 6, 2011. Doc. Ent. 39-3.

calories per day and therefore do not meet the MDOC's mandated 2,900 calorie per day requirement for prisoners." Doc. Ent. 44 at 2. These plaintiffs sued several MDOC officials "alleging that their refusal to accommodate Plaintiffs' requests for adequate meals before the start and at the end of the daily fast during Ramadan violated their rights under the First and Eighth Amendments, as well as the [RLUIPA]." Their motion for a preliminary injunction sought "an order requiring Defendants to provide Plaintiffs adequate meals and nutrition during Ramadan 2013, which commences July 8, 2013 and concludes August 7, 2013." Doc. Ent. 44 at 3.

In denying the motion for preliminary injunction, Judge Quist concluded that plaintiffs had "failed to demonstrate irreparable harm." Doc. Ent. 44 at 3-6. Specifically, Judge Quist relied upon the assertion that MDOC PD 04.07.100 ("Offender Meals") "does not specify a minimum caloric meal value." Doc. Ent. 44 at 4. Judge Quist also relied upon an affidavit from Purves. Doc. Ent. 44 at 4-5.

**5.**     Plaintiffs filed a sur-reply on July 9, 2013. Doc. Ent. 45. First, they urge the Court not to rely upon *Heard*, because "constitutional violations can constitute irreparable harm," reasoning that Heard "did not squarely address the application for injunctive relief in the context of constitutional violation claims[.]" In other words, plaintiffs contend that "[f]orcing [them] to choose between practicing their religion and obtaining the required caloric and nutritional intake does indeed substantially burden Plaintiffs in the exercise of their religion such that injunctive relief is merited." Doc. Ent. 45 at 1-2.

Second, they argue that "new factual developments have evolved within the past week reflecting that Plaintiffs have a strong likelihood of success . . . and that further undermine Defendants' submitted affidavit by Defendant Purves [Doc. Ent. 39-2][.]" Doc. Ent. 45 at 1-2. In

10

support of their contention that defendants "have admittedly recognized that their Ramadan Meal Plan was woefully deficient in providing the required calorie intake[,]" plaintiffs point to a July 4, 2013 electronic mail from Conway to plaintiffs' counsel (attorney Masri) wherein Conway relays a July 2, 2013 memo from CFA Deputy Director Finco to the Wardens regarding 2013 Ramadan Bag Meal Menu Change. After Conway quotes the memorandum, he also informs Masri that the 2013 Ramadan menu is the same as the 2011 and 2012 Ramadan menu "except for the fact that there [are approximately] 700 more calories per day[,]" which "is still about 700 calories off from the recognized 2600 (USDA recommended) standard." In other words, he anticipates that "the total amount of daily calories that will be provided to [M]uslims during Ramadan at SRF will [be] about 1900 calories." At the conclusion of his electronic mail, Conway states that "under the penalties of perjury, [he] [declares] the above information to be true and correct." Doc. Ent. 45-1. It is plaintiffs' position that the MDOC memorandum directly contradicts Purves's affidavit. Doc. Ent. 45 at 2.

**6.** On July 12, 2013, defendants filed a reply (Doc. Ent. 46) in which they assert that "[t]he only verified and sworn evidence on this record is the Defendants' evidence that the 2013 Ramadan meal plan provides ample daily average calories, which has been reviewed by MDOC registered dieticians and medical staff." By this same filing, defendants contends that plaintiffs' July 9, 2013 filing (Doc. Ent. 45) should be stricken, "as it relies on hearsay in violation of FRE 802 ["The Rule Against Hearsay"], double hearsay in violation of FRE 805 ["Hearsay Within Hearsay"], unauthenticated e-mails in violation of FRE 901-903 [Article IX. Authentication And Identification]," and "where there is no admissible evidence submitted by Plaintiffs on this record

11

that may be relied upon by this Court to support their request for injunctive relief[.]" Doc. Ent. 46 at 2.

It is defendants' position that plaintiffs "do not have the necessary qualifications as dieticians or medical personnel to challenge the caloric content of the MDOC's 2013 Ramadan meal plan." Doc. Ent. 46 at 9.

**7.**     "In determining whether or not to grant a preliminary injunction, a district court considers four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (external citation omitted).

Here, plaintiffs have shown that they could suffer irreparable harm without injunctive relief "that ensures Plaintiffs and other Muslims similarly situated receive a proper nutritional and caloric intake for the duration of the month of Ramadan, currently scheduled to commence on **July 9, 2013**[.]" Doc. Ent. 41 at 3. In reaching this conclusion, I consider several recent matters of record, beginning with Purves's June 28, 2013 affidavit. Citing the Dietary Reference Intake (DRI) values as approved by the National Research Council, Purves attests that "[t]he recommendations for moderately active men in their 20s is 2,600 to 2,800 calories per day, reduced to 2,400 to 2,600 calories per day for moderately active men in their 30's and 40's, and further reduced to 2,200 to 2,400 calories per day for moderately active men after 50 years of age." Doc. Ent. 39-2 ¶ 3. Purves then attests that plaintiffs "are all between 32 and 49 years of age and therefore fall within the 2,400 to 2,600 [category]. Based on the above caloric recommendation, the Statewide Standard Menu adopted by the MDOC for the regular meal line

provides all male prisoners with 2,600 calories per day since that will meet the needs of 95% of male prisoners in the general population." Doc. Ent. 39-2 ¶ 4. Furthermore, Purves states:

> The 2013 Ramadan Meal Plan offers four different meal options to prisoners who choose to observe the Ramadan fast. The Meal Plan attached to Plaintiffs' Motion for Injunctive Relief[9] is not the Meal Plan that will be used for the 2013 Ramadan observance. The final 2013 Ramadan Meal Plan provides a daily caloric content ranging from 2,350 to 2,594 calories.

Doc. Ent. 39-2 ¶ 6. Purves also states that "[b]ased on information provided by a registered dietician with the MDOC, a 2,350 to 2,594 daily caloric diet during this fasting period will not pose any health risk to an otherwise healthy moderately active male due to the temporary nature of the fast." Doc. Ent. 39-2 ¶ 7. Finally, Purves discusses other avenues for obtaining food, including that "[a] prisoner observing the Ramadan fast may purchase additional food items from the prisoner store to eat before sunrise and after sunset[;]" "[t]hey also may receive additional food items purchased from family and other members of the public through the Securepak Program[;]" and "[a]t any time, a prisoner who is participating in the Ramadan fast may choose to discontinue the fast and instead eat on the regular meal line." Doc. Ent. 39-2 ¶¶ 8, 9.

Just over one week after Purves executed his affidavit, Judge Quist issued his July 8, 2013 memorandum opinion and order in *Heard,* wherein he stated:

> In light of the information set forth in Purves's affidavit,[10] Plaintiffs have failed to demonstrate that they are likely to suffer irreparable harm absent injunctive relief. First, Plaintiffs' [June 14, 2013] motion is based on an out-of-date meal plan that will not apply to the 2013 Ramadan observance. Second,

---

[9]Here, the Court assumes defendants are referring to plaintiffs' Exhibit F - Ramadan Menu 2013. *See* Doc. Ent. 35-6.

[10]Purves's June 28, 2013 affidavit attached to the defendants' June 28, 2013 response in *Heard*, Case 1:13-cv-00373-GJQ-HWB (W.D. Mich.) (Doc. Ent. 17-3), is similar to Purves's June 28, 2013 affidavit attached to defendants' June 28, 2013 response in the instant case (Doc. Ent. 39-2).

13

> Defendants have shown that the meal plan for the 2013 Ramadan observance provides between 2,350 and 2,594 calories per day, which substantially meets the recommended calorie requirements for most moderately active prisoners[.] Third, Plaintiffs wholly fail to show that they will suffer any harm from a slight reduction in their daily caloric intake during the 30-day Ramadan observance. As Defendants note, because Ramadan is a time of constant prayer and reflection, it is questionable w[h]ether an observant Muslim would be deemed moderately active during Ramadan. Finally, to the extent Plaintiffs seek additional food during Ramadan, they may purchase it from the prison store, as they have done in the past.

Doc. Ent. 44 at 5-6.

However, on July 10, 2013, Judge Quist entered an order of clarification regarding his July 8, 2013 memorandum opinion and order denying plaintiffs' motion for preliminary injunction, because shortly after the Court issued its order the Court received plaintiffs' July 8, 2013 reply, attached to which were (1) MDOC Ramadan 2013 Bagged Meal Menus with handwritten caloric totals for the weeks of July 9, July 14, July 21 and July 28, 2013, and (2) the July 3, 2013 affidavits of plaintiffs Heard, Nelson, Moses and Johnson. In the July 10, 2013 order of clarification, Judge Quist stated:

> To the extent that the menu Plaintiffs submit is the actual Ramadan meal plan for Lakeland Correctional Facility, the Court would conclude that Plaintiffs have shown irreparable harm because Plaintiffs are being provided an insufficient number of calories for a nutritionally adequate diet. Moreover, if such is the case, the Court would have likely issued the requested injunctive relief. Accordingly, the Court will hold Defendants to their representation regarding the amount of calories that the 2013 Ramadan meal plan will provide to Muslim prisoners who observe Ramadan and order Defendants to provide Plaintiffs at least 2,350 calories per day during the present Ramadan observance.

He then stated that "the Court's July 8, 2013 Memorandum Opinion and Order Denying Plaintiffs' Motion for Preliminary Injunction (dkt. # 21) is **clarified** to provide that Defendants shall provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in

14

accordance with Defendants' prior representations to this Court." *See Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich. July 10, 2013).

However, mindful of plaintiffs' July 9, 2013 request for "preliminary injunctive relief compelling Defendants to provide Plaintiffs the constitutionally required calorie intake during the month of Ramadan[,]" Doc. Ent. 45 at 3, and finding persuasive Judge Quist's July 10, 2013 order of clarification, I recommend that the Court should either **(a)** deny plaintiffs Conway, Hudson, Rodriguez and Brown's June 21, 2013 emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction as moot on the basis that these plaintiffs will receive the relief they request by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or **(b)** grant plaintiffs' motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.

To be sure, I note that the fact that the MDOC Ramadan Bagged Meal menus for the weeks of July 9, July 14, July 21 and July 28, 2013, which were presented to the Court on July 8, 2013 in *Heard*, appear to be similar to those presented in the instant case on June 21, 2013 (Doc. Ent. 35-6). Yet, to the extent Purves attests that "[t]he Meal Plan attached to Plaintiffs' Motion for Injunctive Relief is not the Meal Plan that will be used for the 2013 Ramadan observance[,]" Doc. Ent. 39-2 ¶ 6, I am persuaded by plaintiffs' July 9, 2013 filing, which represents that "the actual 2013 Ramadan Meal Plan has still not been furnished by Defendants to ascertain the veracity of Purves' averments in light of the above contradictions." Doc. Ent. 45 at 2.

**8.** In their June 21, 2013 emergency motion and their July 3, 2013 reply, plaintiffs sought an award of costs and attorneys fees. *See* Doc. Ent. 35 at 1, Doc. Ent. 41 at 3. The Court should

15

deny these requests without prejudice to renewal if a final judgment is entered, in which case plaintiffs may apply for attorneys fees in accordance with 42 U.S.C. § 1988(b) (Attorney's fees).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 18, 2013                                         s/ Paul J. Komives
                                                                               PAUL J. KOMIVES
                                                                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 18, 2013, electronically and/or by U.S. mail.

                                              s/Michael Williams
                                              Relief Case Manager for the Honorable
                                              R. Steven Whalen