UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY, ANTONIO
HUDSON, JOSE RODRIGUEZ, and
JEFFREY BROWN,

        Plaintiffs,

v.

Case No. 13-cv-10271
Honorable Patrick J. Duggan

BRAD PURVES, DON SPAULDING,
GLEN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI, and UNIDENTIFIED
DEFENDANTS NOS. 1-3,

        Defendants.
_____/

**OPINION AND ORDER DENYING AS MOOT PLAINTIFFS' JUNE 21, 2013 EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND/OR PERMANENT INJUNCTION**

This lawsuit challenges the nutritional adequacy of the meals provided to Michigan Department of Corrections' prisoners during the Islamic month of Ramadan. Presently before the Court is an "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction" filed by Plaintiffs on June 21, 2013. (ECF No. 35.) The Court has referred this action to Magistrate Judge Paul J. Komives for all pretrial proceedings, including a hearing

and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 11.)  On July 18, 2013, Magistrate Judge Komives issued a R&R recommending that this Court either: (a) deny Plaintiffs' motion as moot based on an order entered by the Honorable Gordon J. Quist in *Heard v. Finco*, No. 1:13-cv-373 (W.D. Mich. July 8, 2013); or (b) grant Plaintiffs' motion.  (ECF No. 47.)

At the conclusion of his R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id*. at 16.)  He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Plaintiffs filed objections to the R&R on July 25, 2013.

## Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  The Court must examine the relevant evidence previously reviewed by the magistrate judge and decide whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v.*

*Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

Moreover, only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982) ("the district court need not provide de novo review where the objections are "[f]rivolous, conclusive or general.")). "The parties have the duty to pinpoint those portions of the magistrate[ judge']s report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted).

## Procedural Background

On January 22, 2013, Plaintiff Charles Conway ("Conway") initiated this lawsuit *pro se* by filing a Complaint against the following defendants: Michigan Department of Corrections ("MDOC") Central Office Food Service Program Manager Brad Purves; MDOC Food Service Director Don Spaulding; MDOC Food Service Worker Glenn Kusey; and Lloyd Rapelje, Warden of the Saginaw Correctional Facility ("SRF") where Conway was housed. Along with his Complaint, Conway filed an application to proceed without prepayment of fees which was granted on January 30, 2013. The initial partial filing fee paid was $3.11. (ECF No. 5.)

On April 3, 2013, Kusey, Purves, and Rapelje filed a motion to dismiss

-3-

pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 5, 2013, Spaulding filed a motion to dismiss adopting the arguments raised in the earlier filed motion. In response to the motions to dismiss, and now with the assistance of counsel, Conway and three additional MDOC inmates filed an Amended Complaint on April 24, 2013.

The three plaintiffs added to the Amended Complaint are: Antonio Hudson (incarcerated at MDOC's Newberry Correctional Facility ("NCF")), Jose Rodriguez (then incarcerated at MDOC's Central Michigan Correctional Facility ("STF") but now at Parnall Correctional Facility ("SMT")), and Jeffrey Brown (an inmate at MDOC's Alger Correctional Facility ("LMF")) (hereafter collectively referred to, with Conway, as "Plaintiffs"). Plaintiffs' Amended Complaint named ten additional defendants: MDOC Director Daniel H. Heyns; MDOC Correctional Facilities Administration Deputy Director Dennis Straub; former STF Warden Tom Burkett; NCF Warden Mitch Perry; STF Warden Jeffrey Larson; LMF Warden Catherine S. Bauman; LMF Food Service Director Ricc Ricciardi; and three unidentified defendants. The initially named defendants (i.e. Purves, Spaulding, Kusey, and Rapelje) moved to strike the Amended Complaint on April 30, 2013.

On June 7, 2013, Magistrate Judge Komives granted in part the motion to

strike the amended complaint. (ECF No. 31.) Magistrate Judge Komives concluded that the additionally named plaintiffs are proportionally liable for the filing fee and thus must submit a proportional share of the fee or file applications to proceed *in forma pauperis*. (*Id*. at 7.) Magistrate Judge Komives also concluded that the Plaintiffs' claim for monetary damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") are not cognizable and must be dismissed. (*Id*. at 11.) Accordingly, Magistrate Judge Komives struck the Amended Complaint, quashed the summonses issued pursuant to that complaint, and directed Plaintiffs to file an amended complaint consistent with his decision within fourteen days of the decision or, if objections were filed, any order affirming the decision. (*Id*. at 13.)

Plaintiffs paid the full filing fee and subsequently filed a Second Amended Complaint on June 20, 2013. (ECF Nos. 32, 34.) Before summonses issued for the newly named defendants, Plaintiffs filed their June 21, 2013 emergency motion for injunctive relief. In their motion, Plaintiffs seek a temporary, preliminary, and/or permanent injunction "enjoining Defendants and all statewide facilities, prisons and institutions that Defendants have supervisory and/or operational controls over, from denying Plaintiffs, and other Muslim inmates, participating in the Ramadan fast, a balanced nutritional diet containing between 2600 and 2900 calories on any

given day during Ramadan." (*See* ECF No. 35 Ex. 1.)

Within days of Plaintiffs' motion being fully briefed, Judge Quist entered his decision on a motion for preliminary injunction filed in *Heard*, a similar action pending in the District Court for the Western District of Michigan.[1] Judge Quist initially entered an opinion and order on July 8, 2013, denying the plaintiffs' request for injunctive relief. Op. and Order, *Heard v. Finco*, No. 1:13-cv-373 (W.D. Mich.), ECF No. 21. Relying on an affidavit filed by Purves (who is also named as a defendant in that case), Judge Quist found that MDOC's meal plan for Ramadan 2013 would provide observing inmates a daily caloric content ranging from 2,350 to 2,594 calories. *Id*. at 4. Judge Quist also found, based on Purves' affidavit, "that a daily caloric intake of 2,350 to 2,594 calories will not pose a health risk to healthy, moderately active males." *Id*. He therefore concluded that the plaintiffs failed to show that they would likely suffer irreparable harm absent injunctive relief. *Id*. at 5.

On July 10, 2013, however, Judge Quist entered an order "clarifying" his

---

[1] *Heard* was initially filed in the Eastern District of Michigan and assigned to the Honorable Victoria A. Roberts. *See Heard v. Finco*, No. 13-cv-11342 (E.D. Mich. filed Mar. 26, 2013). Judge Roberts, however, transferred the action to the Western District pursuant to 28 U.S.C. §§ 1391(b), 1406(a) on April 3, 2013, as the plaintiffs are incarcerated at MDOC facilities located in the Western District and the defendants are employed in that district. *See id*. ECF No. 6.

earlier decision. Order of Clarification, *Heard v. Finco*, No. 1:13-cv-373 (W.D. Mich.), ECF No. 22. Judge Quist indicates in his clarifying order that after issuing his previous decision, he received plaintiffs' reply brief in which the plaintiffs state that the MDOC facility where they are located has elected a meal option that in fact provides only approximately 1,149.2 calories per day. *Id*. at 2. Judge Quist found support for the plaintiffs' assertion in the 2013 Ramadan Bagged Meal Menu they submitted, and ordered that his July 8, 2013 is "clarified to provide that Defendants shall provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in accordance with Defendants' prior representations to this Court." *Id*. at 3.

In his July 18, 2013 R&R, Magistrate Judge Komives concludes that Judge Quist's decision provides Plaintiffs the injunctive relief they seek. To the extent this Court disagrees, he recommends that Plaintiffs' request for an injunction be granted.

## Plaintiffs' Objection

Plaintiffs object to Magistrate Judge Komives' R&R, stating that despite Judge Quist's Order of Clarification, they have not been supplied with meals during Ramadan 2013 providing at least 2,350 calories per day. (Pls.' Obj. at 2.) Plaintiffs further indicate that "neither Judge Quist's Order nor Purves' affidavit

address *future* prospective Ramadan observances." (*Id*. at 3, emphasis in original.) Plaintiffs argue that they, therefore, "have no way of enforcing their rights to receive [] proper nutritional and caloric intake during the month of Ramadan." (*Id*.)

## Analysis

This Court must consider four factors in deciding whether to grant Plaintiffs' request for injunctive relief:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 460 (6th Cir. 2005) (quoting *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003)). As to the second factor, the movant "must show irreparable harm that is 'both certain and immediate, rather than speculative or theoretical' to satisfy its burden to receive preliminary injunctive relief." *NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling USA, Inc.*, 246 F. App'x 929, 943 (6th Cir. 2007) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991)); *see also Abney v. Amgen, Inc.*, 443 F.3d 540, 551 (6th Cir. 2006) (same). At this time, Plaintiffs cannot satisfy this second factor.

This is because Ramadan 2013 has now concluded.[2] As a result, even if Plaintiffs did not receive meals during the 2013 Ramadan period that satisfied Judge Quist's order, it cannot be said that they now face immediate harm absent an injunction.

Plaintiffs argue that Judge Quist's order does not address future prospective Ramadan observances. However any harm that Plaintiffs possibly could suffer approximately a year from now or thereafter does not demonstrate "certain and immediate" threat warranting injunctive relief prior to the full adjudication of their claims. This Court anticipates that, before that harm becomes likely (if it ever does), this action will be resolved. Moreover, at present, Defendants' meal plan for future Ramadan observances are unknown.

For these reasons, the Court agrees with Magistrate Judge Komives that

---

[2]This Court prefers to decide motions for injunctive relief before real harm is incurred by the movant and any available relief loses effect. Where possible, however, a party seeking injunctive relief must do so with sufficient time to allow a court to rule on its request before the request becomes moot. Here, Conway included a request for injunctive relief in his Complaint; but the rules require such requests to be made by separate motion. E.D. Mich. LR 65.1. The Court recognizes that Conway was proceeding *pro se* initially. Nevertheless, counsel did enter an appearance for plaintiff in late April. Yet Plaintiffs' motion for injunctive relief was filed only about two months later and shortly before the one month period of Ramadan began. Further, the motion was filed immediately after a Second Amended Complaint was filed naming several additional defendants who had not been served and/or been provided the opportunity to respond to the complaint and/or motion.

Plaintiffs' emergency motion for injunctive relief should be denied as moot but for different reasons.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction (ECF No. 35) is **DENIED AS MOOT**.

Dated: August 9, 2013     s/PATRICK J. DUGGAN
                          UNITED STATES DISTRICT JUDGE

Copies to:
Shereef Akeel, Esq.
Syed H. Akbar, Esq.
Muneeb Ahmad, Esq.
Lena F. Masri, Esq.
Allan J. Soros, Esq.
Kevin M. Thom, Esq.
Magistrate Judge Paul J. Komives