UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY (#336827),

          CASE NO. 2:13-CV-10271
    Plaintiff,   JUDGE PATRICK J. DUGGAN
          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

BRAD PURVES, DON SPAULDING,
GLENN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
and RICCARDI,

    Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING KUSEY, PURVES AND RAPELJE'S MOTION TO DISMISS (Doc. Ent. 10); SPAULDING'S MOTION TO DISMISS (Doc. Ent. 13); and KUSEY, PURVES, RAPELJE AND SPAULDING'S MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT (Doc. Ent. 40)**

**I. RECOMMENDATION:** The Court should deny as moot Kusey, Purves and Rapelje's April 3, 2013 motion to dismiss (Doc. Ent. 10); deny as moot Spaulding's April 5, 2013 motion to dismiss (Doc. Ent. 13); and deny Kusey, Purves, Rapelje and Spaulding's July 1, 2013 motion (Doc. Ent. 40) to strike the June 20, 2013 second amended complaint (Doc. Ent. 32) and for a more definite statement.

**II. REPORT:**

**A. Introduction**

    This case is one of several filed in the Eastern District of Michigan by MDOC inmates challenging the caloric and /or nutritional intake of the MDOC's Ramadan menu. *See, i.e., Welch (#199544) v. Spalding, et al.*, Case No. 2:12-cv-13172-PDB-PJK (filed 07/19/12); *Conway*

*(#336827) v. Purves, et al.*, Case No. 2:13-cv-10271-PJD-PJK (filed 01/22/13); *Kyles (#234503) v. Kusey, et al.*, Case No. 2:13-cv-10355-SJM-PJK (filed 01/29/13); and *Heard (#252329), et al. v. Finco, et al.*, Case No. 2:13-cv-11342-VAR-MJH (filed 03/26/13).

By way of background, the *Heard* case was transferred to the Western District of Michigan on April 3, 2013, where it became Case No. 1:13-cv-00373-GJQ-HWB. On July 8, 2013, Judge Quist entered memorandum opinion and order denying plaintiffs' motion for preliminary injunction. Two (2) days later, on July 10, 2013, Judge Quist entered an order of clarification providing that "Defendants shall provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in accordance with Defendants' prior representations to this Court."

**B.   Plaintiff Conway's January 22, 2013 complaint (Doc. Ent. 1), filed pro se, identifies four (4) defendants.**

Charles Conway (#336827) is currently incarcerated at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. *See* www.michigan.gov/corrections, "Offender Search." On January 22, 2013, while incarcerated at Saginaw Correctional Facility (SRF) in Freeland, Michigan, Conway filed the instant, verified prisoner civil rights complaint pro se against Brad Purves, identified as the Central Office Food Service Program Manager; Spalding, identified as the MDOC Food Service Director; G. Kusey, identified as an MDOC Food Service worker; and Lloyd Rapelja (Rapelje), SRF Warden. Doc. Ent. 1 at 1-9; *see also* Doc. Ent. 1 at 10-50, Doc. Ent. 1-1 (Exhibits A-M).

**C.   The April 24, 2013 Amended Complaint (Doc. Ent. 16), filed by counsel, added three (3) plaintiffs and seven (7) named defendants; however, this amended complaint has been stricken from the record.**

On April 24, 2013, attorney Lena F. Masri entered an appearance on behalf of Conway. Doc. Ent. 15.[1] At the same time, an amended complaint was filed (Doc. Ent. 16), which added three (3) plaintiffs: Antonio Hudson (#213154), then an inmate at Newberry Correctional Facility (NCF) but currently an inmate at Ojibway Correctional Facility (OCF); Jose Rodriguez (#695092), then an inmate at Central Michigan Correctional Facility (STF) but currently an inmate at Parnall Correctional Facility (SMT); and Jeffrey Brown (#362446), an inmate at Alger Correctional Facility (LMF). Doc. Ent. 16 ¶¶ 10-13.

The amended complaint also added seven (7) named defendants - Daniel H. Heyns (MDOC Director), Dennis Straub (MDOC Correctional Facilities Administration (CFA) Deputy Director), Tom Burkett (former STF Warden), Mitch Perry (NCF Warden), Jeffrey Larson (STF Warden), Catherine S. Bauman (LMF Warden) and Riccardi (LMF Food Service Director) - as well as Unidentified Defendant No. 1 (the MDOC Field Operations Administration Deputy Director), Unidentified Defendant No. 2 (NCF Food Service Director) and Unidentified Defendant No. 3 (STF Food Service Director). Doc. Ent. 16 ¶¶ 14-27.

On June 7, 2013, I entered an order (Doc. Ent. 31) granting in part defendants Kusey, Purves, Rapelje and Spaulding's April 30, 2013 motion (Doc. Ent. 20) to strike the April 24, 2013 amended complaint (Doc. Ent. 16). Among other things, my order concluded that plaintiffs' RLUIPA claims for monetary damages against defendants in their individual capacities were not cognizable and should be dismissed. Doc. Ent. 31 at 7-11. In the end, the Clerk of the Court was directed to strike the amended complaint; however, plaintiffs were given an opportunity to and guidance under which they might file an amended complaint. Doc. Ent. 31 at 13-14.

---

[1]Plaintiffs are also represented by attorney Shereef H. Akeel. Doc. Ent. 21.

**D.     The June 20, 2013 Amended Complaint (Doc. Ent. 32), filed by counsel, is filed on behalf of four (4) plaintiffs and is brought against eleven (11) defendants.**

On June 20, 2013, plaintiffs Conway, Hudson, Rodriguez and Brown filed a second amended complaint against eleven (11) defendants: Daniel H. Heyns, Dennis Straub, Don Spaulding, Tom Burkett, Jeffrey Larson, Brad Purves, Lloyd Rapelje, Glenn Kusey, Mitch Perry, Catherine S. Bauman and Riccardi.  Doc. Ent. 32 ¶¶ 14-24.[2]

The second amended complaint explains that Heyns (MDOC Director) and Straub (MDOC CFA Deputy Director) are sued in their official capacities (¶¶ 14-15); Spaulding (SRF Food Service Director), Burkett (STF Warden) and Larson (STF Warden) are sued in their individual capacities (¶¶ 16-18); and Purves (MDOC CFA Food Service Program Manager), Rapelje (SRF Warden), Kusey (SRF Food Service Director), Perry (NCF Warden), Bauman (LMF Warden) and Riccardi (LMF Food Service Director) are sued in their official and individual capacities (¶¶ 19-24).

**E.     On August 9, 2013, Plaintiffs' June 21, 2013 Motion for Injunctive Relief was Denied as Moot.**

On June 21, 2013, plaintiffs Conway, Hudson, Rodriguez and Brown filed an emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction.  Doc. Ent. 35.

On July 18, 2013, I entered a report (Doc. Ent. 47) recommending that the Court either **(a)** deny plaintiffs Conway, Hudson, Rodriguez and Brown's June 21, 2013 emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction as moot on the

---

[2]Along with the second amended complaint (Doc. Ent. 32), plaintiffs filed an exhibit containing Purves's June 25, 2012 MDOC Memorandum regarding 2012 Ramadan.  Doc. Ent. 33.

4

basis that these plaintiffs will receive the relief they request by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or *(b)* grant plaintiffs' motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.

On August 9, 2013, Judge Duggan entered an opinion and order (Doc. Ent. 52) denying plaintiffs' motion (Doc. Ent. 35) as moot. In sum, Judge Duggan found that plaintiffs could not show that they would suffer irreparable injury in the absence of the requested injunction, because Ramadan 2013 had then concluded. Doc. Ent. 52 at 8-9.

**F.     Currently, There are Three (3) Pending Motions.**[3]

**1.     Defendants Kusey, Purves and Rapelje's April 3, 2013 Motion to Dismiss (Doc. Ent. 10) and Defendant Spaulding's April 5, 2013 Motion to Dismiss (Doc. Ent. 13) Should Be Denied as Moot.**

On April 3, 2013, Kusey, Purves and Rapelje filed a motion for dismissal. Doc. Ent. 10. On April 5, 2013, defendant Spaulding filed a motion for dismissal (Doc. Ent. 13), wherein he raises the same arguments.[4]

On July 8, 2013, plaintiff Conway filed a combined response. Doc. Ent. 42. Therein, Conway argues that (I) "defendants' motion to dismiss should be denied as it is moot in light of the second amended complaint[;]" (II) "the second amended complaint states a viable Eighth Amendment claim under federal law such that relief may be granted warranting denial of

---

[3] Judge Duggan has referred this case to me for pretrial matters. Doc. Ent. 11.

[4] On April 12, 2013, I entered an order (Doc. Ent. 14) requiring any response by plaintiff to the motions to dismiss (Doc. Entries 10 and 13) to be filed on or before May 28, 2013. However, on May 28, 2013, I entered an order (Doc. Ent. 30) granting defendants' May 23, 2013 motion (Doc. Ent. 28) to enlarge time to file an answer to plaintiff's amended complaint and granting plaintiffs' May 24, 2013 expedited motion (Doc. Ent. 29) for extension of time to file its oppositions to the defendants' dispositive motions.

defendants' motions[;]" (III) "dismissal is not warranted as the Eleventh Amendment immunity does not bar suit against defendants in their official capacity[;]" and (IV) "the defendants are not entitled to qualified immunity because they violated the plaintiff Conway's (and the other plaintiffs') clearly established constitutional rights."  Doc. Ent. 42 at 19-27.

However, if the Court agrees with the recommendation that follows - that the Court deny defendants' motion (Doc. Ent. 40) to strike the second amended complaint (Doc. Ent. 32) and for a more definite statement, then the Court should deny as moot the April 2013 motions to dismiss (Doc. Entries 10 and 13).  These motions are based upon the January 22, 2013 original complaint (Doc. Ent. 1), which is superceded by plaintiffs' June 20, 2013 second amended complaint (Doc. Ent. 32).

**2.    Defendants Kusey, Purves, Rapelje and Spaulding's July 1, 2013 Motion (Doc. Ent. 40) - in which defendants Heyns, Birkett, Bauman, Larson, Perry, Straub and Ricciardi concur (Doc. Ent. 65) - Should Be Denied.**

**a.    Plaintiffs' June 20, 2013 second amended complaint complies with Fed. R. Civ. P. 8(a)(1).**  Fed. R. Civ. P. 8(a) ("Claim for Relief.") requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" Fed. R. Civ. P. 8(a)(1).  The second amended complaint contains several paragraphs on jurisdiction.  Doc. Ent. 32 ¶¶ 1-4.

**b.    The second amended complaint also complies with Fed. R. Civ. P. 8(a)(3).**  Fed. R. Civ. P. 8(a) also requires "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).  Plaintiff seeks a declaratory

judgment, an injunction, compensatory and punitive damages, as well as an award of attorney fees, costs and expenses. Doc. Ent. 32 at 34-35.

**c.      Defendants ' July 1, 2013 motion (Doc. Ent. 40) for a more definite statement[5] essentially argues that the second amended complaint (Doc. Ent. 32) does not comply with Fed. R. Civ. P. 8(a)(2).** Doc. Ent. 40 at 7, 9. Fed. R. Civ. P. 8(a) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

Purves, Spaulding, Kusey and Rapelje contend that the second amended complaint's claims against them "are vague, unclear, ambiguous, and fail to provide notice of what exactly these defendants are supposed to defend upon." Doc. Ent. 40 at 2 ¶ 1. According to these defendants, "[n]one of the 'counts' specifically state[s] which of the four plaintiffs are suing which of the eleven defendants and for what exactly[.]" Doc. Ent. 40 at 2 ¶ 4.

In support of their motion, defendants argue that "plaintiffs' second amended complaint [Doc. Ent. 32] is a shotgun pleading that does not provide fair notice of which plaintiffs are making which claims against which defendant/s." Doc. Ent. 40 at 9-11. In the end, defendants Purves, Spaulding, Kusey and Rapelje request that the Court **(a)** strike the second amended complaint (Doc. Ent. 32) and **(b)** "order that a more definite statement of the claims against each specific Defendant be made in any proposed third amended complaint, stating which specific plaintiffs are making which specific claims against which specific defendants[.]" Doc. Ent. 40 at 4; *see also* Doc. Ent. 40 at 11. It is Purves, Spaulding, Kusey and Rapelje's position that "if the

---

[5]In pertinent part, Fed. R. Civ. P. 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) ("Motion for a More Definite Statement.").

plaintiffs are unable to file a proper pleading by the third amended complaint, then the Court should dismiss this case entirely." Doc. Ent. 40 at 11.

On July 18, 2013, plaintiffs Conway, Hudson, Rodriguez and Brown filed a response (Doc. Ent. 48). It is plaintiffs' position that the second amended complaint (Doc. Ent. 32) "is in large part identical to the First Amended Complaint [Doc. Ent. 16], minus the RLUIPA claims for monetary damages against defendants in their individual capacities[.]" Doc. Ent. 48 at 12 n.1. Specifically, plaintiffs contend:

> (I) [by its June 7, 2013 order (Doc. Ent. 31)] the Court has already conducted a judicial screening of the claims and determined the claims are viable and should be allowed to move forward[;]
>
> (II) defendants are not entitled to seek a more definite statement because plaintiffs' second amended complaint [Doc. Ent. 32] makes short and plain statements that are neither vague nor ambiguous[;]
>
> (III) the second amended complaint [Doc. Ent. 32] provides sufficient notice to each of the defendants regarding the nature of the claims against them[;] [and]
>
> (IV) in the event that the Court finds plaintiffs are required to make a more definite statement, plaintiffs should be allowed to amend the second amended complaint [Doc. Ent. 32].

Doc. Ent. 48 at 12-18. Plaintiffs also seek an award of attorney fees and costs for having to respond to defendants' motion. Doc. Ent. 48 at 18.

On November 15, 2013, the other defendants' (Heyns, Birkett, Bauman, Larson, Perry, Straub and Ricciardi) filed a concurrence (Doc. Ent. 65). Therein, these defendants request that the Court grant the motion to strike the second amended complaint and "order that a more definite statement of the claims against each specific defendant be made in any proposed third amended

complaint, stating which specific plaintiffs are making which specific claims against which specific defendants." Doc. Ent. 65 at 2-3.

**d.     The Court should deny defendants' motion (Doc. Ent. 40) to the extent it is a Fed. R. Civ. P. 12(e) motion for a more definite statement, because the second amended complaint (Doc. Ent. 32) complies with Fed. R. Civ. P. 8(a)(2).** To begin, the second amended complaint describes the "nature of this action," mentioning the First Amendment, Eighth Amendment, Fourteenth Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and 42 U.S.C. § 1983, as well as 42 U.S.C. § 1988 (Doc. Ent. 32 ¶¶ 25-31); "denial of a proper caloric intake during the month of Ramadan ('Ramadan policy')," (Doc. Ent. 32 ¶¶ 32-52); and "denial of a Halal food diet[,]" (Doc. Ent. 32 ¶¶ 53-63).

**A fair reading of the second amended complaint reveals which of the four (4) plaintiffs are suing which of the eleven (11) defendants.** The second amended complaint identifies each of the eleven (11) defendants and sets forth the capacities in which each is sued (Doc. Ent. 32 ¶¶ 14-24), and it sets forth allegations as to each of the four (4) plaintiffs (Doc. Ent. 32 ¶¶ 64-78 (Conway at SRF), ¶¶ 79-91 (Hudson at NCF and STF); ¶¶ 92-105 (Rodriguez at SMT,[6] STF and SRF) and ¶¶ 106-119 (Brown at LMF)). From these paragraphs, the Court discerns the following:

   **i.     Conway, Hudson, Rodriguez and Brown's claims against MDOC defendants (Heyns, Straub and Purves):** The only specific mention of Heyns identifies him as the MDOC director and states that "Defendant Heynes [Heyns] is the ultimate decision-maker with authority

---

[6]As noted above, Rodriguez is currently incarcerated at SMT. *See also* Doc. Ent. 32 ¶¶ 12-92; however, there are no SMT defendants in this case.

to approve all Michigan Department of Corrections policies, including its dietary policies for each of the correctional facilities referenced in this Amended Complaint." Doc. Ent. 32 ¶ 14.

The only specific mention of Straub identifies him as the MDOC CFA Deputy Director and states that "Defendant Straub is a decision-maker with authority to approve all Michigan Department of Corrections policies concerning the operation of all correctional institutions operated by the Michigan Department of Corrections and the Operations Division, which includes the Food Service Section." Doc. Ent. 32 ¶ 15.

Plaintiffs identify Purves as the MDOC CFA Food Service Program Manager and alleges that "Defendant Purves is a decision-maker and possesses authority to approve Michigan Department of Corrections policies concerning food service at all correctional institutions operated by the Michigan Department of Corrections."  Doc. Ent. 32 ¶ 19.  The only other specific mention of Purves is that he issued the June 25, 2012 memorandum to MDOC Wardens. *See* Doc. Ent. 32 ¶ 37.

Thus, this report assumes that, in the June 20, 2013 second amended complaint (Doc. Ent. 32), each of the plaintiffs (Conway, Hudson, Rodriguez and Brown) brings a claim or claims against each of these defendants (Heyns, Straub and Purves).  This conclusion is buttressed by plaintiffs' July 18, 2013 statement that they "are all bringing claims against Defendant Purves, who is the Food Service Program Manager at the [CFA] of the [MDOC][.]" Doc. Ent. 48 at 15-16.

  **ii.**  **Conway and Rodriguez's claims against SRF Warden Rapelje and SRF Food Service Directors Spaulding and Kusey):** The second amended complaint alleges that SRF Food Service Directors Spaulding and Kusey "had supervisory authority and control over food

10

service at the facility during the time of [Conway's and Rodriguez's] confinement at Saginaw Correctional Facility." According to plaintiffs, "Spaulding personally engaged in discriminatory behavior against Plaintiff Conway[,]" and "Kusey personally engaged in discriminatory behavior against Plaintiff Conway and Plaintiff Rodriguez." Doc. Ent. 32 ¶¶ 16, 21. Furthermore, the second amended complaint alleges that SRF Warden Rapelje "is a decision-maker and possesses authority to approve all policies concerning Saginaw Correctional Facility during the time of Plaintiff Conway's and Plaintiff Rodriguez' confinement at the facility[,]" and "Defendant Rapelje personally engaged in discriminatory behavior against Plaintiff Conway and Plaintiff Rodriguez." Doc. Ent. 32 ¶ 20.

Specifically, Conway's claims against Spaulding, Kusey and Rapelje concern Spaulding's August 15, 2011 response to Conway's letter; Kusey's September 19, 2011 denial of Conway's September 6, 2011 grievance; and Rapelje's October 20, 2011 denial of Conway's September 30, 2011 Step II grievance appeal. Doc. Ent. 32 ¶¶ 70, 71, 73, 75.

Also, Rodriguez's claims against SRF Warden Rapelje and SRF Food Service Director Kusey concern Rodriguez's August 1, 2012 letter to Rapelje; Rapelje's August 7, 2012 response, to which was attached Kusey's memorandum; Kusey's August 24, 2012 Step I denial of Rodriguez's August 13, 2012 grievance; and Rapelje's September 20, 2012 denial of Rodriguez's September 12, 2012 Step II grievance appeal. Doc. Ent. 32 ¶¶ 98, 99, 101, 103.[7]

**iii.     Hudson's claim(s) against NCF Warden Perry:** The only specific mention of Perry identifies him as the NCF Warden "who is a decision-maker and possesses authority to

---

[7]That Conway and Rodriguez are suing Spaulding, Rapelje and Kusey is confirmed by plaintiffs' July 18, 2013 response. *See* Doc. Ent. 48 at 16-17.

approve all policies concerning Newberry Correctional Facility during the time of Plaintiff Hudson's confinement at the facility. Defendant Warden Perry personally engaged in discriminatory behavior against Plaintiff Hudson." Doc. Ent. 32 ¶ 22.

      **iv.**      **Hudson's claims against STF Warden Burkett:** The second amended complaint identifies STF Warden Burkett as "a former decision-maker and possessed authority to approve all policies concerning Central Michigan Correctional Facility during the time of Plaintiff Hudson's confinement at the facility. Defendant former Warden Burkett personally engaged in discriminatory behavior against Plaintiff Hudson." Doc. Ent. 32 ¶ 17.

      Hudson's claim against Burkett appears to be based upon Burkett's alleged September 6, 2012 denial of Hudson's August 17, 2012 Step II grievance appeal. Doc. Ent. 32 ¶¶ 87-89.

      **v.**      **Rodriguez's claims against STF Warden Larson:** The second amended complaint identifies STF Warden Larson as "a decision-maker and possessed authority to approve all policies concerning Central Michigan Correctional Facility during the time of Plaintiff Rodriguez' confinement at the facility. Defendant Warden Larson personally engaged in discriminatory behavior against Plaintiff Rodriguez." Doc. Ent. 32 ¶ 18.

      **vi.**      **Brown's claim(s) against LMF Warden Bauman and LMF Food Service Director Riccardi:** The second amended complaint identifies LMF Warden Bauman as "a decision-maker and possesses authority to approve all policies concerning Alger Maximum Correctional Facility during the time of Plaintiff Brown's confinement at the facility. Defendant Warden Bauman personally engaged in discriminatory behavior against Plaintiff Brown." Doc. Ent. 32 ¶ 23. It also identifies LMF Food Service Director Riccardi as having "supervisory authority and control over food service at the facility during the time of Plaintiff Brown's

confinement at Alger Maximum Correctional Facility[,]" and states that "Riccardi personally engaged in discriminatory behavior against Plaintiff Brown."  Doc. Ent. 32 ¶ 24.

Specifically, Brown claims that he "wrote several letters to the Chaplain, Defendant Riccardi, and Defendant Warden Bauman that requested that the repeated issue of missing food items in their bag breakfast be resolved, including on July 21, 2012; July 25, 2012; and July 30, 2012[,]" however, "no action was taken to resolve the issue of missing food items."  Doc. Ent. 32 ¶¶ 114-115.  Furthermore, Brown alleges that "Defendants Riccardi and Warden Bauman's failure to take action, and Defendants' actions, or lack thereof, in failing to assign Plaintiff Brown's grievance a number or respond to Plaintiff Brown's grievance constitutes a denial of Plaintiff Brown's grievance."  Doc. Ent. 32 ¶ 118.

**A fair reading of the second amended complaint also reveals that each of the six (6) causes of action is brought against each of the eleven (11) defendants.**  Plaintiffs' June 20, 2013 second amended complaint sets forth six (6) claims:

(I) preliminary injunction and/or permanent injunction

(II) violation of Religious Land Use and Institutionalized Persons Act (Religious Exercise)

(III) violation of Religious Land Use and Institutionalized Persons Act (Discrimination on the Basis of Religion)

(IV) violation of First and Fourteenth Amendment to the United States Constitution (Free Exercise of Religion)

(V) violation of First and Fourteenth Amendment to the United States Constitution (Equal Protection)

(VI) violation of Eight[h] and Fourteenth Amendment to the United States Constitution (Cruel and Unusual Punishment)

Doc. Ent. 32 ¶¶ 120-221. Each of these causes of action refers to "plaintiffs" and "defendants" and not a particular plaintiff or defendant.

Even so, defendants can assume that each of the six (6) causes of action are brought against each of them in accordance with the above framework of which plaintiffs are suing which defendants. This conclusion is buttressed by plaintiffs' July 18, 2013 explanation that they "are all alleging identical claims, and accordingly refer to themselves collectively as 'Plaintiffs' under each claim[,]" Doc. Ent. 48 at 15. The conclusion is further buttressed by plaintiffs' representation that "all claims are being brought against Defendants Spaulding, Rapelje, and Kusey." Doc. Ent. 48 at 17.

**e.   The Court should deny defendants' motion (Doc. Ent. 40) to the extent it is Fed. R. Civ. P. 12(f) motion to strike the June 20, 2013 second amended complaint (Doc. Ent. 32).**
Fed. R. Civ. P. 12(f) provides in part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ("Motion to Strike.").

Defendants' only mention of Fed. R. Civ. P. 12(f) is that it "allows a party to file a motion to strike or for the Court to strike a pleading on its own, especially where Plaintiffs' second amended complaint is nothing more than a 'shotgun pleading' that fails to give fair notice of which claims each party is required to defend upon." Doc. Ent. 40 at 2 ¶ 3. Defendants have not illustrated that the second amended complaint contains redundant, immaterial, impertinent or scandalous matter. Moreover, if the Court agrees with my foregoing conclusion that plaintiffs' second amended complaint (Doc. Ent. 32) complies with Fed. R. Civ. P. 8(a)(2), then it follows

that the amended complaint should not be stricken on the basis that it does not give fair notice of which claims each party must defend.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: February 12, 2014                    s/Paul J. Komives
                                           PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 12, 2014.

s/ Kay Doaks<br>
Case Manager