UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY (#336827),
ANTONIO HUDSON (#213154),
JOSE RODRIGUEZ (#695092) and
JEFFREY BROWN (#362446),

                              CASE NO. 2:13-CV-10271
          Plaintiffs,      JUDGE PATRICK J. DUGGAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

BRAD PURVES, DON SPAULDING,
GLENN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI and UNIDENTIFIED DEFENDANTS
NOS. 1-3,

         Defendants,
                                /

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' SECOND EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND/OR PERMANENT INJUNCTION FOR THE 2014 RAMADAN OBSERVANCE AND FOR AN ORDER TO SHOW CAUSE WHETHER DEFENDANTS VIOLATED THE HEARD ORDER OF CLARIFICATION DURING THE 2013 RAMADAN OBSERVANCE (Doc. Ent. 74)**

I.     **RECOMMENDATION:** The Court should grant in part plaintiffs' June 24, 2014 second emergency motion (Doc. Ent. 74). Specifically, the court should issue an order akin to Judge Quist's June 27, 2014 filings in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.). The Court should also require defendants to respond to plaintiff's request that they show cause in a manner similar to that which preceded Judge Quist's April 29, 2014 order in *Heard*.

II.     **REPORT:**

A.      **This case was originally filed on January 22, 2013, and a second amended complaint was filed on June 20, 2013 by four (4) plaintiffs against eleven (11) defendants.**[1]

On January 22, 2013, while incarcerated at the MDOC's Saginaw Correctional Facility (SRF), Charles Conway (#336827) filed the instant, verified prisoner civil rights complaint pro se.

On April 24, 2013, attorney Lena F. Masri entered an appearance on behalf of Conway. Doc. Ent. 15.[2] On the same date, an amended complaint was filed on behalf of four (4) plaintiffs. Doc. Ent. 16. However, for the reasons stated in my June 7, 2013 order (Doc. Ent. 31), the Court has stricken the April 24, 2013 Amended Complaint (Doc. Ent. 16). Still, the Court permitted plaintiffs to file an amended complaint which did not contain RLUIPA claims for monetary damages against defendants in their individual capacities. Doc. Ent. 31 at 13-14.

On June 20, 2013, four (4) plaintiffs - Conway, Antonio Hudson (#213154), Jose Rodriguez (#695092) and Jeffrey Brown (#362446) - filed a second amended complaint for declaratory relief, injunctive relief and damages against eleven (11) defendants, specifically, Heynes and Straub in their official capacities (¶¶ 14-15), Spaulding, Burkett and Larson in their individual capacities (¶¶ 16-18) and Purves, Rapelje, Kusey, Perry, Bauman and Riccardi in their official and individual capacities (¶¶ 19-24). Doc. Ent. 32. The allegations include Denial of a Proper Caloric Intake During the Month of Ramadan ("Ramadan Policy") (¶¶ 32-52) and Denial

---

[1]This case is one of a few before this Court in which plaintiffs contest the adequacy of their diets during Ramadan. *See, i.e., Welch v. Spaulding*, No. 2:12-cv-13172-PDB-PJK (E.D. Mich.); *Conway v. Purves*, No. 2:13-cv-10271-PJD-PJK (E.D. Mich.); and *Kyles v. Kusey*, No. 2:13-cv-10355-SJM-PJK (E.D. Mich.); *see also Heard v. Finco*, No. 2:13-cv-11342-VAR-MJH (E.D. Mich.) (transferred to W.D. Mich. on April 3, 2013 (Case No. 1:13-cv-00373)).

[2]Plaintiffs are also represented by attorney Shereef H. Akeel. Doc. Ent. 21.

2

of a Halal Food Diet (¶¶ 53-63). Plaintiffs seek a preliminary injunction and/or permanent injunction (¶¶ 120-132), and further allege violations of the RLUIPA (Religious Exercise) (¶¶ 133-147), the RLUIPA (Discrimination on the Basis of Religion) (¶¶ 148-160), the First and Fourteenth Amendment to the United States Constitution (Free Exercise of Religion) (¶¶ 161-176), the First and Fourteenth Amendment to the United States Constitution (Equal Protection) (¶¶ 177-193), and the Eight and Fourteenth Amendment to the United States Constitution (Cruel and Unusual Punishment) (¶¶ 194-221).[3]

**B.     On August 9, 2013, the Court denied as moot plaintiffs' June 21, 2013 emergency motion, because Ramadan 2013 had, by then, concluded.**

On June 21, 2013 - the day after the second amended complaint (Doc. Ent. 32) was filed - plaintiffs filed an emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction. Doc. Ent. 35. In my July 18, 2013 report (Doc. Ent. 47), I recommended that the Court either (a) deny plaintiffs Conway, Hudson, Rodriguez and Brown's June 21, 2013 emergency motion for temporary restraining order, preliminary injunction and/or permanent injunction as moot on the basis that these plaintiffs will receive the relief they request by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or (b) grant plaintiffs' motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.

---

[3]Charles Conway (#336827) is currently incarcerated at the MDOC's Chippewa Correctional Facility (URF) in Kincheloe, Michigan; Antonio Hudson (#213154) was paroled on May 6, 2014; Jose Rodriguez (#695092) was paroled on May 28, 2014; and Jeffrey Brown (#362446) is currently incarcerated at the MDOC's Chippewa Correctional Facility (URF) in Kincheloe, Michigan. *See* www.michigan.gov/corrections, "Offender Search."

On August 9, 2013, Judge Duggan entered an opinion and order (Doc. Ent. 52) denying as moot plaintiffs' June 21, 2013 emergency motion for temporary restraining order, preliminary injunction, and/or permanent injunction (Doc. Ent. 35), albeit for different reasons than those stated in my report and recommendation - namely that plaintiffs could not show irreparable injury in the absence of an injunction, because Ramadan 2013 had, by then, concluded. Doc. Ent. 52 at 8-9.

**C.      Plaintiffs filed a second emergency motion on June 24, 2014.**[4]

On June 24, 2014, plaintiff filed a second emergency motion for a temporary restraining order, preliminary injunction and/or permanent injunction for the 2014 Ramadan observance and for an order to show cause whether defendants violated the *Heard* order of clarification during the 2013 Ramadan observance. Doc. Ent. 74. Plaintiffs point out that the 2014 Ramadan observance is set to commence on June 28, 2014. Doc. Ent. 74 at 7. Furthermore, they argue:

> Plaintiffs are entitled to injunctive relief for the 2014 Ramadan observance because they are likely to prevail on the merits, an injunction will not cause substantial harm to others, and an injunction is in the public interest.
>
> Plaintiffs are entitled to an Order to Show Cause whether Defendants violated the *Heard* Order of Clarification with respect to these Plaintiffs during the 2013 Ramadan Observance.

Doc. Ent. 74 at 9-10.

---

[4] Judge Duggan has referred this case to me for pretrial matters. Doc. Ent. 11. On May 28, 2014, this case was reassigned to Judge Linda V. Parker. Doc. Ent. 73.

**D.     The Court should follow the lead of Judge Quist's April 29, 2014 and June 27, 2014 filings in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.).**

**1.     A review of *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.), is instructive as to the case at bar.**

**a.**     In *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.), four (4) prisoners at Lakeland Correctional Facility (LCF) in Coldwater, Michigan alleged that past Ramadan meals "provide[d] only approximately 1,000 to 1,500 calories per day and therefore do not meet the MDOC's mandated 2,900 calorie per day requirement for prisoners." Doc. Ent. 21 at 1 (Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.)). These plaintiffs sued several MDOC officials "alleging that their refusal to accommodate Plaintiffs' requests for adequate meals before the start and at the end of the daily fast during Ramadan violated their rights under the First and Eighth Amendments, as well as the [RLUIPA]." Their motion for a preliminary injunction sought "an order requiring Defendants to provide Plaintiffs adequate meals and nutrition during Ramadan 2013, which commences July 8, 2013 and concludes August 7, 2013." Doc. Ent. 21 at 2.

**b.**     On June 14, 2013, plaintiffs Heard, Johnson, Moses and Nelson filed a motion (Doc. Ent. 14) for preliminary injunction and motion to post security. Among the attachments to defendants' June 28, 2013 response (Doc. Ent. 39) was the June 28, 2013 affidavit of Brad Purves (Doc. Ent. 39-2).

On July 8, 2013, Judge Quist's entered a memorandum opinion and order (Doc. Ent. 21) denying plaintiffs' motion for preliminary injunction (Doc. Ent. 14) in *Heard*. In denying the motion for preliminary injunction, Judge Quist concluded that plaintiffs had "failed to demonstrate irreparable harm." Doc. Ent. 21 at 2-5. Specifically, Judge Quist relied upon the

5

assertion that MDOC PD 04.07.100 ("Offender Meals") "does not specify a minimum caloric meal value." Doc. Ent. 21 at 3. Judge Quist also relied upon a June 28, 2013 affidavit from Purves (Doc. Ent. 17-3). Doc. Ent. 21 at 3-4.

On July 10, 2013, Judge Quist entered an order of clarification (Doc. Ent. 22).

**c.** On July 23, 2013, plaintiffs Heard, Johnson, Moses and Nelson filed a motion to hold defendants in contempt of court for refusing to comply with preliminary injunction order (Doc. Ent. 23). On March 24, 2014, Judge Quist entered an order (Doc. Ent. 58) which, among other things, set a hearing on plaintiffs' motion to hold defendants in contempt.

On April 29, 2014, Judge Quist entered an order (Doc. Ent. 70) granting plaintiffs' motion for contempt (Doc. Ent. 23). Defendants were to pay each plaintiff $200 within 30 days.[5]

**d.** On May 28, 2014, plaintiffs Heard, Johnson, Moses and Nelson filed a motion (Doc. Ent. 87) for preliminary injunction, motion to post security for preliminary injunction and "request for appointment of monitor at defendants expense." On June 16, 2014, defendants filed a motion (Doc. Ent. 94) for relief from the Court's July 10, 2013 order of clarification (Doc. Ent. 22).

On June 27, 2014, Judge Quist entered an order (Doc. Ent. 105) denying plaintiffs' motion for preliminary injunction concerning Ramadan 2014 (Doc. Ent. 87) and granting defendants' motion for relief from an order pursuant to Fed. R. Civ. P. 60(b)(5) (Doc. Ent. 94), as well as an opinion regarding same (Doc. Ent. 104). In the opinion, the Court concluded that a Ramadan menu which provides 2,350 daily calories "does not substantially burden Plaintiffs' participation in the Ramadan fast." Doc. Ent. 104 at 6-7. The Court also concluded that

---

[5]The Court later explained that "the contempt was imposed because Defendants failed to do what they told the Court they would do (provide a minimum of 2,350 calories each day), and not because they provided an average of 2,350 calories." Doc. Ent. 104 at 8.

"providing prisoners participating in the Ramadan fast an average of 2,350 calories over a two-week period is consistent with sound nutritional practices and will not adversely affect prisoners' health." Doc. Ent. 104 at 8. Ultimately, the Court concluded that plaintiffs had not "shown irreparable harm, and therefore, [were] not entitled to a preliminary injunction." Doc. Ent. 104 at 9.

Then, in accordance with the Court's June 27, 2014 order, on June 30, 2014, defendants in *Heard* filed a submission of 2014 Ranadan Menu (Doc. Ent. 106). The exhibits to this filing include men's lacto-ovo veg Ramadan menu (Doc. Ent. 106-2), men's meat Ramadan bagged menu (Doc. Ent. 106-3), men's vegan Ramadan bagged menu (Doc. Ent. 106-4) and the June 30, 2014 certification of agency record, signed by Kevin J. Weissenborn, Manager, Financial Services Section, Budget and Operations Administration, MDOC (Doc. Ent. 106-5).

**2.     In alignment with the April 29, 2014 and June 27, 2014 filings in *Heard*, this Court should grant in part the instant motion.**

**a.**     "In determining whether or not to grant a preliminary injunction, a district court considers four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (external citation omitted).

7

**b.     As to plaintiffs' June 24, 2014 request for issuance of an order regarding daily caloric content during the 2014 Ramadan observance (*see* Doc. Ent. 74 at 2, 11), the Court should take the approach outlined by Judge Quist on June 27, 2014 in *Heard*.**

Specifically, plaintiffs' instant motion seeks entry of an order providing that:

> A [temporary restraining order/preliminary injunction/permanent injunction] is hereby entered enjoining Defendants and all statewide facilities, prisons and institutions that Defendants have supervisory and/or operational controls over, to provide Plaintiffs, and other Muslim inmates, participating in the 2014 Ramadan observance, a daily caloric content between 2,350 and 2,594 calories per day.

*See* Doc. Ent. 74 at 12 (Proposed Order).

Akin to my July 18, 2013 report and recommendation (Doc. Ent. 47) - which in part recommended that the Court follow Judge Quist's July 10, 2013 order in *Heard* and which was adopted in part by Judge Duggan on August 9, 2013 (Doc. Ent. 52) - here, too, the Court should take the approach outlined by Judge Quist on June 27, 2014 in *Heard*. In other words, as was Judge Quist's requirement, the Court here should enter an order stating that "Defendants may provide Plaintiffs an average of 2,350 calories per two-week cycle during Ramadan 2014." The Court may also wish to require defendants here, as did Judge Quist in *Heard*, to "provide the Court a copy of the 2014 Ramadan menu[,]" and "on a weekly basis, a sworn statement from a representative at Plaintiffs' facilities confirming that Plaintiffs were served the food items listed on the 2014 Ramadan menu and identifying any actual variations and the calorie content of such." *See* Doc. Ent. 105 (Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.).

**c.     As to plaintiffs' June 24, 2014 request for issuance of an order to show cause whether defendants violated the *Heard* order of clarification during the 2013 Ramadan observance (*see* Doc. Ent. 74 at 2, 11; *see also* Doc. Ent. 74 at 12 (Proposed Order)), the Court should require defendants to respond to plaintiff's request that they show cause in a manner similar to that which preceded Judge Quist's April 29, 2014 order in *Heard*.**

With regard to the *Heard* plaintiffs' October 31, 2013 motion (Doc. Ent. 47), Judge Quist's March 24, 2014 order (Doc. Ent. 58) granted plaintiffs' request for a hearing.  On April 24, 2014, plaintiffs Heard, Johnson, Moses and Nelson filed a money compensation claim for defendants' civil contempt of court.  Doc. Ent. 68.

A hearing was held on April 28, 2014.  Doc. Ent. 69.  Thereafter, Judge Quist entered his April 29, 2014 order (Doc. Ent. 70) granting the motion for contempt (Doc. Ent. 23), which provided:

> 1.   Defendants violated this Court's July 1[0], 2013 Order of Clarification on several occasions during the 2013 Ramadan observance by providing Plaintiffs with fewer than 2350 calories each day, contrary to Defendants' own representations to the Court;
>
> 2.   The Court's [July] 1[0], 201[3] [order] was clear and unambiguous in requiring Defendants to provide Plaintiffs 2350 calories per day; and
>
> 3.   Within thirty (30) days of the date of this Order, Defendants shall pay a total of $200 to each Plaintiff as compensation for damages caused by Defendants' noncompliance with the July 1[0], 2013 Order of Clarification.

Doc. Ent. 70.

The Court should handle the instant motion for an order to show cause as Judge Quist handled the *Heard* plaintiffs' July 23, 2013 motion (Doc. Ent. 23) and April 24, 2014 motion (Doc. Ent. 68).  To be sure, plaintiffs here have not shown that this Court has entered an order

similar to Judge Quist's July 10, 2013 order of clarification in *Heard*. Thus, this Court cannot compel defendants to show cause why they have not complied with such an order in this case.

However, the Court may require defendants to respond to plaintiffs' June 24, 2014 request to show cause as to whether plaintiffs Conway, Hudson, Rodriquez and Brown were given less than a daily caloric content between 2,350 and 2,594 calories per day each day during the 2013 Ramadan observance. Thereafter, the Court may consider whether it is necessary to require defendants to compensate plaintiffs Conway, Hudson, Rodriquez and/or Brown for any damages caused by any established deficiency in plaintiffs Conway, Hudson, Rodriquez and Brown's 2013 Ramadan diet.

**d.     Finally, the Court should deny without prejudice plaintiffs' June 24, 2014 request for an award of costs and attorneys fees.** *See* **Doc. Ent. 74 at 2, 11.** As was my recommendation on July 18, 2013 (Doc. Ent. 47 at 15-16), the Court should deny these requests without prejudice to renewal if a final judgment is entered, in which case plaintiffs may apply for attorneys fees in accordance with 42 U.S.C. § 1988(b) ("Attorney's fees").

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 3, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager, in the absence of Michael Williams