UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY, ANTONIO
HUDSON, JOSE RODRIGUEZ, and
JEFFREY BROWN,

        Plaintiffs,

v.

BRAD PURVES, DON SPAULDING,
GLEN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI, and UNIDENTIFIED
DEFENDANTS NOS. 1-3,

        Defendants.
_____/

Case No. 13-cv-10271
Honorable Linda V. Parker[1]

**OPINION AND ORDER (1) DENYING AS MOOT PLAINTIFFS' SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND/OR PERMANENT INJUNCTION FOR THE 2014 RAMADAN OBSERVANCE; AND (2) DENYING REQUEST FOR AN ORDER TO SHOW CAUSE WHETHER DEFENDANTS VIOLATED THE *HEARD* ORDER OF CLARIFICATION DURING THE 2013 RAMADAN OBSERVANCE**

This lawsuit challenges the nutritional adequacy of the meals provided to Michigan Department of Corrections' prisoners during the Islamic month of Ramadan. Presently before the Court is Plaintiffs' motion seeking injunctive relief

---

[1]On May 28, 2013, the Honorable Patrick J. Duggan reassigned this matter to the undersigned pursuant to Administrative Order 14-AO-030. (ECF No. 73.)

with respect to the meals provided to them during the 2014 Ramadan observance and an order to show cause as to whether Defendants violated an order entered by the Honorable Gordon J. Quist in *Heard v. Finco*, No. 1:13-cv-373 (W.D. Mich. July 10, 2013). Plaintiffs filed the pending motion on June 24, 2014. (ECF No. 74.) The matter has been referred to Magistrate Judge Paul J. Komives for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 11.) Defendants filed a response to the motion on July 15, 2014. (ECF No. 76.)

Prior to the filing of Defendants' response, Magistrate Judge Komives issued a R&R on July 3, 2014, in which he recommends that this Court grant Plaintiffs' request for injunctive relief. (ECF No. 75 at 1, 8.) Magistrate Judge Komives further recommends that the Court enter an order similar to that entered by Judge Quist preceding his April 29, 2014 order in *Heard* finding the defendants in that case in contempt. (*Id*. at 9-10.) At the conclusion of his R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 10-11.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of

any further right to appeal." (*Id*. at 10) Defendants filed objections to the R&R on July 17, 2014. (ECF No. 79.)

## Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The Court must examine the relevant evidence previously reviewed by the magistrate judge and decide whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

## Procedural Background

Charles Conway ("Conway"), a Michigan Department of Corrections ("MDOC") prisoner, initiated this lawsuit, pro se, on January 22, 2013. Conway named the following individuals as defendants in his Complaint: MDOC Central Office Food Service Program Manager Brad Purves; MDOC Food Service Director Don Spaulding; MDOC Food Service Worker Glenn Kusey; and Lloyd Rapelje, Warden of the Saginaw Correctional Facility ("SRF") where Conway was then incarcerated. Along with his Complaint, Conway filed an application to proceed without prepayment of fees which was granted on January 30, 2013. The initial

partial filing fee paid was $3.11. (ECF No. 5.)

On April 3, 2013, Defendants Kusey, Purves, and Rapelje filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 5, 2013, Defendant Spaulding filed a motion to dismiss adopting the arguments raised in the earlier filed motion. In response to the motions to dismiss, and now with the assistance of counsel, Conway and three additional MDOC inmates filed an Amended Complaint on April 24, 2013.

The three plaintiffs added to the Amended Complaint are: Antonio Hudson (subsequently paroled on May 6, 2014), Jose Rodriguez (subsequently paroled on May 28, 2014), and Jeffrey Brown (previously an inmate at MDOC's Alger Correctional Facility, but subsequently transferred to its Chippewa Correctional Facility) (hereafter collectively referred to, with Conway, as "Plaintiffs"). Plaintiffs' Amended Complaint named ten additional defendants: MDOC Director Daniel H. Heyns; MDOC Correctional Facilities Administration Deputy Director Dennis Straub; Tom Burkett, former Warden of MDOC's Central Michigan Correctional Facility ("STF") (where Rodriguez was then housed); Mitch Perry, Warden of MDOC's Newberry Correctional Facility (where Hudson was then housed); Jeffrey Larson, then the current STF Warden; Catherine S. Bauman, Warden of MDOC's Alger Correctional Facility ("LMF") (where Brown was then

housed); LMF Food Service Director Ricc Ricciardi; and three unidentified defendants. The initially named defendants (i.e. Purves, Spaulding, Kusey, and Rapelje) moved to strike the Amended Complaint on April 30, 2013.

On June 7, 2013, Magistrate Judge Komives granted in part the motion to strike the amended complaint. (ECF No. 31.) Magistrate Judge Komives concluded that the additionally named plaintiffs are proportionally liable for the filing fee and thus must submit a proportional share of the fee or file applications to proceed in forma pauperis. (*Id*. at 7.) Magistrate Judge Komives also concluded that the Plaintiffs' claim for monetary damages under the Religious Land Use and Institutionalized Persons Act are not cognizable and must be dismissed. (*Id*. at 11.) Accordingly, Magistrate Judge Komives struck the Amended Complaint, quashed the summonses issued pursuant to that complaint, and directed Plaintiffs to file an amended complaint consistent with his decision within fourteen days of the decision or, if objections were filed, any order affirming the decision. (*Id*. at 13.)

Plaintiffs paid the full filing fee and subsequently filed a Second Amended Complaint on June 20, 2013. (ECF Nos. 32, 34.) Before summonses issued for the newly named defendants, Plaintiffs filed an emergency motion for injunctive relief. In their motion, Plaintiffs sought a temporary, preliminary, and/or permanent injunction "enjoining Defendants and all statewide facilities, prisons and

-5-

institutions that Defendants have supervisory and/or operational controls over, from denying Plaintiffs, and other Muslim inmates, participating in the [2013] Ramadan fast, a balanced nutritional diet containing between 2600 and 2900 calories on any given day during Ramadan." (*See* ECF No. 35 Ex. 1.)

Within days of Plaintiffs' motion being fully briefed, Judge Quist entered his decision on a motion for preliminary injunction in *Heard*– a similar action filed by other MDOC inmates which is pending in the District Court for the Western District of Michigan. Judge Quist initially entered an opinion and order on July 8, 2013, denying the plaintiffs' request for injunctive relief. Op. and Order, *Heard v. Finco*, No. 1:13-cv-373 (W.D. Mich.), ECF No. 21. Relying on an affidavit filed by Purves (who is also named as a defendant in that case), Judge Quist found that MDOC's meal plan for Ramadan 2013 would provide observing inmates a daily caloric content ranging from 2,350 to 2,594 calories. *Id.* at 4. Judge Quist also found, based on Purves' affidavit, "that a daily caloric intake of 2,350 to 2,594 calories will not pose a health risk to healthy, moderately active males." *Id.* He therefore concluded that the plaintiffs failed to show that they would likely suffer irreparable harm absent injunctive relief. *Id.* at 5.

On July 10, 2013, however, Judge Quist entered an order "clarifying" his earlier decision. Order of Clarification, *Heard v. Finco*, No. 1:13-cv-373 (W.D.

Mich.), ECF No. 22. Judge Quist indicated in his clarifying order that after issuing his previous decision, he received plaintiffs' reply brief in which the plaintiffs state that the MDOC facility where they are located has elected a meal option that in fact provides only approximately 1,149.2 calories per day. *Id*. at 2. Judge Quist found support for the plaintiffs' assertion in the 2013 Ramadan Bagged Meal Menu they submitted, and ordered that his July 8, 2013 decision is "clarified to provide that Defendants shall provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in accordance with Defendants' prior representations to this Court." *Id*. at 3.

In a report and recommendation issued on July 18, 2013, Magistrate Judge Komives concluded that Judge Quist's decision provided Plaintiffs in this case with the injunctive relief they sought. To the extent this Court disagreed, he recommended that Plaintiffs' request for an injunction be granted. Judge Duggan, however, rejected Magistrate Judge Komives' recommendations in an opinion and order issued August 9, 2013, because Ramadan 2013 had ended before the matter was ripe for Judge Duggan's review. (ECF No. 52.) Therefore, Judge Duggan denied Plaintiffs' motion for injunctive relief as moot. (*Id*.) Judge Duggan noted in his decision that Plaintiffs had waited too long before filing their motion to allow sufficient time for the Court to rule on their request. (*Id*. at 9 n.2.)

Nevertheless, four days before Ramadan 2014 was set to begin, Plaintiffs filed a second motion for injunctive relief, seeking an order requiring Defendants to comply with MDOC "rules, regulations, and past representations" and provide a daily Ramadan diet containing between 2,350 and 2,594 calories. (ECF No. 74 at Pg ID 762.) In their motion, filed June 24, 2014, Plaintiffs also ask the Court to hold Defendants in contempt for failing to provide an adequate diet during Ramadan 2013 in accordance with the order entered by Judge Quist in *Heard* on July 10, 2013. (*Id.*)

As set forth previously, before the deadline for Defendants to respond to Plaintiffs' motion expired, Magistrate Judge Komives issued his R&R recommending that this Court grant Plaintiffs' request for injunctive relief and enter an order requiring Defendants to show cause why they should not be held in contempt for providing meals to Plaintiffs during Ramadan 2013 which provided less than 2,350 calories per day. Defendants filed objections to the R&R on July 15, 2014.

### Defendants' Objections

Defendants raise several objections to Magistrate Judge Komives' July 3, 2014 R&R. First, they argue that Plaintiffs' request for permanent injunctive relief is premature as there has been no final judgment entered after a full adjudication of

the merits of Plaintiffs' claims. Second, they argue that Plaintiffs' motion for injunctive relief was rendered moot by the following: (1) MDOC's 2014 Ramadan meal plan provided for sufficient calories; (2) two plaintiffs were paroled before Ramadan 2014; (3) two defendants are retired; (4) three defendants are sued only in their "individual" capacities; (5) the two remaining Plaintiffs have been transferred to a new prison; and (6) retrospective injunctive relief for Ramadan 2013 is precluded. Next, Defendants contend that any evidentiary hearing must be conducted before a district judge. Defendants also argue that Plaintiffs' motion is not supported by evidence, noting that Plaintiffs' complaint is unverified. Finally, Defendants contend that the magistrate judge has violated their constitutional rights by adjudicating Plaintiffs' motion without allowing them the opportunity to respond and by relying on facts from a different case involving different plaintiffs, prisons, prison staff, defendants, and claims.

## Analysis

At this time, the Court finds it unnecessary to address most of Defendants' objections to the R&R and Plaintiffs' lawsuit. This is because, for the reasons set forth in Judge Duggan's August 9, 2013 decision denying Plaintiffs' first motion for injunctive relief, Plaintiffs' pending motion also must be denied as moot. Plaintiffs knew when Ramadan 2014 began. Yet they waited until four days before

its beginning to file their current motion. Defendants, by rule, had twenty-one days to respond to the motion. Once the magistrate judge issued a report and recommendation, the parties had fourteen days to file objections. With Ramadan lasting one month, a considered final decision could not be made before the issue presented in Plaintiffs' motion became moot.[2] And thus Plaintiffs' motion became moot when Ramadan 2014 ended on July 27, 2014.

There was never an order entered in this case requiring Defendants to provide Plaintiffs a nutritional diet containing prescribed calories during Ramadan 2013. In other words, no order has been entered in the present matter requiring Defendants to comply with Judge Quist's July 10, 2013 Order of Clarification or otherwise provide a 2013 Ramadan menu containing prescribed calories. As such, Defendants cannot be held in contempt for their conduct as it related to last year's Ramadan, as Plaintiffs now request. The Court sees no reason at this juncture to analyze whether Defendants provided Plaintiffs insufficient calories during

---

[2]Magistrate Judge Komives certainly could have issued an expedited briefing schedule, as he did in response to Plaintiff's first motion seeking injunctive relief. However, as the adjudication of Plaintiffs' first motion demonstrated, even an abbreviated schedule did not allow for a consideration of the issue before it became moot. Furthermore, judges do not welcome the filing of an "emergency" motion which demands a shortened briefing schedule and opportunity for careful consideration where the movant was aware of the issue and need for the motion well before it eventually was filed.

Ramadan 2013. Therefore, this Court rejects Magistrate Judge Komives' recommendation that it require Defendants to respond to Plaintiffs' request that they show cause in a manner similar to that which preceded Judge Quist's April 29, 2014 order in *Heard* finding the defendants in that case in contempt.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Second Emergency Motion for a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction for the 2014 Ramadan Observance is **DENIED AS MOOT** and for an Order to Show Cause Whether Defendants Violated the *Heard* Order of Clarification During the 2013 Ramadan Observance (ECF No. 35) is **DENIED**.

                                      S/ Linda V. Parker
                                      LINDA V. PARKER
                                      U.S. DISTRICT JUDGE

Dated: September 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2014, by electronic and/or U.S. First Class mail.

                                      S/ Richard Loury
                                      Case Manager