UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY, ANTONIO
HUDSON, JOSE RODRIGUEZ, and
JEFFREY BROWN,

      Plaintiffs,

v.                                                             Case No. 13-cv-10271
                                                             Honorable Linda V. Parker

BRAD PURVES, DON SPAULDING,
GLEN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI, and UNIDENTIFIED
DEFENDANTS NOS. 1-3,

      Defendants.
_____/

**OPINION AND ORDER DENYING MU'EEM RASHAD'S
MOTION TO INTERVENE (ECF NO. 81)**

      This lawsuit challenges the nutritional adequacy of the meals provided to Michigan Department of Corrections' prisoners during the Islamic month of Ramadan. Presently before the Court is a motion for leave to intervene, filed July 25, 2014 by "Mu'eem Rashad" ("Rashad"). (ECF No. 81.) Rashad is a Michigan Department of Corrections ("MDOC") inmate, currently incarcerated at the

Kinross Correctional Facility in Kincheloe, Michigan.[1] For the reasons set forth below, the Court denies Rashad's motion.

## Background

Charles Conway ("Conway"), another MDOC prisoner, initiated this lawsuit, pro se, on January 22, 2013. Conway named as defendants: MDOC Central Office Food Service Program Manager Brad Purves; MDOC Food Service Director Don Spaulding; MDOC Food Service Worker Glenn Kusey; and Lloyd Rapelje, Warden of the Saginaw Correctional Facility ("SRF") where Conway was then incarcerated. Conway subsequently obtained counsel to represent him in this matter and Lena Masri from the Council on American-Islamic Relations entered her appearance on his behalf on April 23, 2014. On May 3, 2013, attorneys from the law firm Akeel & Valentine, PLC entered the litigation as co-counsel for Conway.

On June 20, 2013, an Amended Complaint was filed which added three additional MDOC inmates as plaintiffs: Antonio Hudson (previously an inmate at MDOC's Newberry Correctional Facility but currently housed at the West Shoreline Correctional Facility), Jose Rodriguez (subsequently paroled on May 28,

---

[1] According to MDOC's Offender Tracking Information System ("OTIS"), Rashad's legal name is Virgil Ray Green and Mu'eem Rashad is an alias. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=189440. Rashad was incarcerated at MDOC's Chippewa Correctional Facility when he filed his motion.

2014), and Jeffrey Brown (previously an inmate at MDOC's Alger Correctional Facility, but subsequently transferred to its Chippewa Correctional Facility) (hereafter collectively referred to, with Conway, as "Plaintiffs"). Plaintiffs' Amended Complaint named ten additional defendants: MDOC Director Daniel H. Heyns; MDOC Correctional Facilities Administration Deputy Director Dennis Straub; Tom Burkett, former Warden of MDOC's Central Michigan Correctional Facility ("STF") (where Rodriguez was then housed); Mitch Perry, Warden of MDOC's Newberry Correctional Facility (where Hudson was then housed); Jeffrey Larson, then the current STF Warden; Catherine S. Bauman, Warden of MDOC's Alger Correctional Facility ("LMF") (where Brown was then housed); LMF Food Service Director Ricciardi; and three unidentified defendants.

As indicated, the pending motion for leave to intervene, which Rashad signed and dated July 22, 2014, was filed on July 25, 2014. Rashad seeks leave to intervene pursuant to Federal Rule of Civil Procedure 24(a).

## Applicable Law

Rule 24(a) provides:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24.  A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Sixth Circuit interprets Rule 24(a) as setting forth four elements which must be satisfied before intervention as of right will be granted:

> "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)); *see also Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). " 'Failure to meet any one of the four criteria will require that the motion to intervene be denied.' " *Stupak-Thrall*, 226 F.3d at 471 (brackets omitted) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (providing that "[e]ach of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.").

The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The Sixth Circuit has identified several factors relevant to the court's evaluation:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.*

With respect to the movant's interest in the litigation, the Sixth Circuit has adopted "a 'rather expansive notion of the interest sufficient to invoke intervention of right.' " *Grutter*, 188 F.3d at 398 (quoting *Michigan State AFL-CIO*, 103 F.3d at 1245). The party seeking intervention "need not possess the standing necessary to initiate [the] lawsuit." *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972)). To satisfy Rule 24(a)'s third requirement, the would-be intervenor's "burden is minimal" in that it need only show "that impairment of its substantial legal interest is possible if intervention is denied[.]" *Michigan State AFL-CIO*, 103 F.3d at 1247.

The Sixth Circuit also has described as "minimal" the moving party's burden to satisfy the final requirement-- that its interest is not adequately protected by the

existing parties to the action. *Michigan State AFL-CIO*, 103 F.3d at 1247 (quoting *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir.1992) (explaining that, "[a]lthough a would-be intervenor is said to shoulder the burden with respect to establishing that its interest is not adequately protected by the existing parties to the action, this burden 'is minimal because it is sufficient that the movant prove that representation *may* be inadequate.' ") (emphasis added)). In other words, the party seeking intervention "is not required to show that the representation *will in fact be* inadequate." *Id.* (emphasis added). For example, it may be enough to show that the movant and existing party have inconsistent interests in the litigation, *Linton*, 973 F.3d at 1319, or that the existing party "will not make all of the prospective intervenor's arguments." *Michigan State AFL0-CIO*, 103 F.3d at 1247.

## Analysis

In his affidavit submitted in support of his motion to intervene, Rashad indicates that MDOC recognizes him as an Orthodox Sunni Muslim and approved his receipt of meals for the Ramadan fast in June 2014. (ECF No. 81, Affidavit ¶¶ 3, 4.) Rashad asserts that he is similarly situated to the named Plaintiffs and that MDOC did not provide adequate daily calories in the meals provided to inmates fasting during Ramadan. (*Id.* ¶¶ 1, 5.) He states that he wishes "to intervene to prevent continuing injury to [his] fundamental rights and interest." (*Id.* ¶ 7.)

The Court believes that Rashad's assertions (although neither presented in a proper brief submitted in support of his motion nor addressed specifically to the required factors) demonstrate satisfaction of the first four factors required before intervention as of right will be granted. However, Rashad fails to show that his interests are not adequately protected by Plaintiffs. The Court is confident that Plaintiffs, particularly where they now are represented by counsel, will adequately protect Rashad's rights and interests in this litigation.

Rashad and Plaintiffs share the same ultimate objective in this litigation-- assuring that Muslim MDOC inmates observing the Ramadan fast receive meals with adequate calories without having to forego their Halal diet or other tenets of their religion. The relief Plaintiffs are seeking will impact all Muslim inmates observing Ramadan and they have sued MDOC officials capable of guaranteeing that any relief is afforded across the prison system. The Sixth Circuit recognizes that a presumption of adequacy of representation arises " 'when the proposed intervenor and a party to the suit . . . have the same ultimate objective.' " *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (quoting *Wade v. Goldschmidt*, 673 F.2d 182, 186 n. 7 (7th Cir.1982) (per curiam)); *see also United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005) (indicating that "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit" and holding that

7

the movants failed to overcome the presumption). Rashad fails to present any facts or arguments to overcome this presumption and the Court finds no indication that Plaintiffs, with the assistance of their counsel, will not adequately represent his rights and objectives.

Because a showing of inadequate representation is a necessary requirement to intervene as of right, the Court concludes that it must deny Rashad's motion to intervene.

Accordingly,

**IT IS ORDERED**, that Mu'eem Rashad's motion for leave to intervene (ECF No. 81) is **DENIED**;

**IT IS FURTHER ORDERED**, that the Clerk of the Court shall remove Mu'eem Rashad as a named Intervenor Plaintiff on the docket and from a recipient of the filings in this action after service of this Opinion and Order.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 13, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager