UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY, ANTONIO
HUDSON, JOSE RODRIGUEZ, and
JEFFREY BROWN,

        Plaintiffs,

v.                               Case No. 13-cv-10271
                               Honorable Linda V. Parker

BRAD PURVES, DON SPAULDING,
GLEN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI, and UNIDENTIFIED
DEFENDANTS NOS. 1-3,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND/OR PERMANENT INJUNCTION AND FOR AN ORDER TO SHOW CAUSE WHETHER DEFENDANTS' BREACHED PLAINTIFFS' ATTORNEY-CLIENT CONFIDENTIALITY (ECF NO. 83)

Plaintiffs, current and former Michigan Department of Corrections' prisoners, filed this lawsuit challenging the nutritional adequacy of the meals provided to inmates during the Islamic month of Ramadan. Plaintiffs currently are represented by counsel: Lena Masri from the Council on American-Islamic Relations ("CAIR") and attorneys from the law firm Akeel & Valentine, PLC. Claiming that prison staff opened mail sent to them by Ms. Masri and/or CAIR, Plaintiffs filed a motion on

September 30, 2014, entitled: "Motion for Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction and for An Order to Show Cause Whether Defendants Breached Plaintiffs' Attorney-Client Confidentiality."  (ECF No. 83.) The motion has been fully briefed (*see* ECF Nos. 88, 92), and this Court held a telephonic conference with counsel to address the motion on November 12, 2014.

### Plaintiffs' Contention and Defendants' Response

In their motion, Plaintiffs claim that envelopes sent from CAIR and marked "LEGAL MAIL SUBJECT TO ATTORNEY-CLIENT PRIVILEGE", "LEGAL MAIL", and "CONFIDENTIAL" have been opened by prison staff outside Plaintiffs' presence.  Plaintiffs' counsel brought the conduct to defense counsel's attention, claiming that it constituted a breach of attorney-client confidentiality.  Plaintiffs Charles Conway and Jeffrey Brown also filed grievances in accordance with Michigan Department of Corrections ("MDOC") grievance procedures to complain about the opening of their mail from CAIR.  (ECF No. 83, Exs. C, D.)  In response, MDOC indicated that mail from CAIR "is not treated as legal mail, per instructions from the Litigation Section, Office of Legal Affair[s]."  (*Id*., Ex. C.)  Mail from CAIR, the response continued, therefore is processed according to MDOC policy. (*Id*.)

Defendants indicate in response that CAIR's mailings to Plaintiffs are not treated in accordance with MDOC's policies for legal mail because CAIR has not followed MDOC policy for properly identifying the mail as coming from an attorney.

*See* MDOC Policy Directive 05.03118 ¶ HH.  As defense counsel explained to the

Court during the telephonic conference, CAIR does not only provide legal services.

Therefore, mail from CAIR is not necessarily considered by MDOC officials to be

"legal mail."  Defense counsel advised Plaintiffs' counsel to include the name of the

attorney, his or her "P" number, and the designation "attorney", "lawyer", or

"attorney-at-law" in the return address of the envelope to properly identify their mail

as "legal mail."  Defendants point out the absence of any claim that mail from

Plaintiffs' other counsel has been opened, noting that this mail bears the firm's name,

Akeel & Valentine, PLC, and "Attorneys and Counselors" in the return address

location.  Plaintiffs do not challenge this assertion in reply.

## Applicable Law and Analysis

This Court considers the following factors in deciding whether to grant a

preliminary injunction: (1) the likelihood that the party seeking the preliminary

injunction will succeed on the merits of the claim; (2) whether the party seeking the

injunction will suffer irreparable harm without the grant of the extraordinary relief; (3)

the probability that granting the injunction will cause substantial harm to others; and

(4) whether the public interest is advanced by the issuance of the injunction.

*Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993).  These

four factors are to be balanced; they are not prerequisites that must be met.  *In re*

*DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "Accordingly, the degree

of likelihood of success required to support a grant of a preliminary injunction may

depend on the strength of the other factors considered." *Id*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). The standard is essentially the same for granting a permanent injunction, with the exception that the plaintiff must show actual success on the merits. *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 445 (6th Cir. 2010) (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n. 12 (1987)).

The Sixth Circuit has recognized that "[a] prisoner's right to receive mail is protected by the First Amendment[.]" *Sallier v. Brooks*, 343 F.3d 871, 874 (6th Cir. 2003) (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992); *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993)).  Nevertheless, prison officials may impose restrictions on the receipt of mail, provided those restrictions are reasonably related to security or other legitimate penological objectives.  *Id*.  Thus the Sixth Circuit has concluded that "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado*, 992 F.2d at 607 (citing *Parrish v. Johnson*, 800 F.2d 600, 603 (6th Cir. 1986)).  Prison officials who open and read incoming mail in an "arbitrary and capricious fashion", however, violate a prisoner's First Amendment rights. *Id*. at 609-10 (citing *Parrish*, 800 F.2d at 604).

The Sixth Circuit has addressed the opening of inmates' "legal mail" by prison staff somewhat differently, reasoning that it has

heightened concern with allowing prison officials unfettered discretion to open and read an inmate's mail because a prison's security needs do not automatically trump a prisoner's First Amendment right to receive mail, especially correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts.

*Sallier*, 343 F.3d at 874 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) ("The right of a prisoner to receive materials of a legal nature, which have impact upon or import with respect to that prisoner's legal rights and/or matters, is a basic right recognized and afforded protection by the courts . . . ."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail. . . .")). Nevertheless, the Supreme Court has approved a prison policy which allowed the opening (not reading) of legal mail in the presence of the prisoner to check for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). The Court also found it to be "entirely appropriate that the State require any [communications from an attorney] to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment." *Id*. at 576-77; *see also Lavado*, 992 F.2d at 609.  The Sixth Circuit's decision in *Lavado* is particularly instructive, as the court there rejected the prisoner's claim concerning the opening of his mail from the American Civil Liberties Union because, although the mail was marked "Special Mail—Open only in the presence of the inmate" in accordance with prison regulations, "the envelope did not contain an

4:13-cv-10271-LVP-SDD   Doc # 100   Filed 01/29/15   Pg 6 of 7   Pg ID 1242

attorney's name nor did it adequately identify that the letter was sent by an attorney as required by the regulations." 992 F.2d at 609.

MDOC has established policies for the handling of prisoner mail. Incoming mail that is not subject to special handling (i.e. legal mail) is required to be

> opened in one location at each facility and inspected at that location to determine if it contains money, controlled substances, or other physical contraband. All physical contraband shall be confiscated prior to delivery of the mail to the prisoner. The mail's written content also shall be skimmed and, if it appears from skimming the content that the mail may violate this policy, the item shall be read to determine if it is allowed. All incoming mail from one prisoner to another shall be read.

MDOC Policy Directive 05.03.118 ¶ GG. Incoming legal mail may receive special handling. *See id*. ¶ HH. However, the policy directive contains prerequisites for mail to be deemed "legal mail":

> Only mail from an attorney or law firm, a legitimate legal service organization, a non-prisoner paralegal working on behalf of an attorney, law firm, or legal service organization, the Department of Attorney General, a prosecuting attorney's office, a court, a clerk of the court, or a Friend of the Court office shall receive this special handling, *and only if the mail is clearly identified on the face of the envelope as being from one of the above*. It is not sufficient for the envelope to be simply marked "legal mail."

*Id*. (emphasis added).

The mail sent from CAIR to Plaintiffs did not comply with these requirements. Decisions from both the Supreme Court and Sixth Circuit instruct that the MDOC may impose the type of requirements set forth in ¶¶ GG and HH of Policy Directive 05.04.118 without violating a prisoner's constitutional rights. *See supra*. Plaintiffs

do not suggest that Plaintiffs have treated their incoming mail in an arbitrary or capricious fashion.  As such, the Court concludes that Plaintiffs are not likely to succeed on their assertion that the opening of the mail from CAIR was unconstitutional.  Therefore, Plaintiffs are not entitled to injunctive relief.  The Court also will not issue a show cause order to determine whether Defendants breached the attorney-client privilege.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction and for an Order to Show Cause Whether Defendants Breached Plaintiffs' Attorney-Client Confidentiality is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 29, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

7