UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY, ANTONIO
HUDSON, JOSE RODRIGUEZ, and
JEFFREY BROWN,

              Plaintiffs,

v.

                                                Case No. 13-cv-10271
                                                Honorable Linda V. Parker

BRAD PURVES, DON SPAULDING,
GLENN KUSEY, LLOYD RAPELJE,
DANIEL H. HEYNS, DENNIS STRAUB,
MITCH PERRY, JEFFREY LARSON,
TOM BURKETT, CATHERINE S. BAUMAN,
RICC RICCIARDI,

              Defendants.

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S
AUGUST 1, 2016 REPORT AND RECOMMENDATION; (2) GRANTING IN
PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT; AND (3) DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT**

This lawsuit challenges the nutritional adequacy of the meals provided to

inmates within the Michigan Department of Corrections ("MDOC") system during

the Islamic month of Ramadan.   In a Second Amended Complaint, filed June 20,

2013, Plaintiffs allege violations of their First, Eighth, and Fourteenth Amendment

rights, as well as their rights under the Religious Land Use and Institutionalized

Persons Act of 2000 ("RLUIPA"), based on the meals provided to them during this

one month period in 2011 and 2012.   (ECF No. 32.)   On November 25, 2015,

Defendants filed a motion for summary judgment and Plaintiffs filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56.   The matter has been referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 1, 2016, Magistrate Judge Davis issued an R&R recommending that this Court grant in part and deny in part Defendants' motion for summary judgment and deny Plaintiffs' motion for partial summary judgment.   (ECF No. 137.)   In the R&R, Magistrate Judge Davis relates Plaintiffs' counsel's concession at the motion hearing that Plaintiffs' claims under RLUIPA and their claims concerning the absence of halal meals must be dismissed, as well as Defendants Daniel H. Heyns, Dennis Straub, Jeffrey Larson, and Mitch Perry.   (*Id*. at Pg ID 2482.)   With respect to Plaintiffs' First and Eighth Amendments claims, Magistrate Judge Davis concludes that Defendants are not entitled to qualified immunity and thus summary judgment.   (*Id*. at Pg ID 2486-90.)   Magistrate Judge Davis concludes, however, that Plaintiffs fail to establish a viable equal protection claim and recommends dismissal of that claim.   (*Id*. at Pg ID 2493-94.)

At the conclusion of her R&R, Magistrate Judge Davis advises the parties that

2

they may object to and seek review of the R&R within fourteen days of service upon them.   (*Id*. at Pg ID 2495-96.)   She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at PgID 2495.)   The parties subsequently stipulated to an order extending the deadline for filing objections to September 1, 2016.   (ECF No. 138.) Defendants filed objections to the R&R on that date.   (ECF No. 139.)

## Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*.   28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).   The Court must examine the relevant evidence previously reviewed by the magistrate judge and decide whether the recommendation should be accepted, rejected, or modified in whole or in part.   28 U.S.C. § 636(b)(1).   The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."   *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

## Defendants' Objections

In their objections, Defendants argue only that the magistrate judge erred in finding that they are not entitled to qualified immunity with respect to Plaintiffs' First and Eighth Amendment claims.   Defendants contend that in 2011 and 2012, the law was not clearly established such that reasonable officials in their positions

3

would appreciate that their conduct in relation to Plaintiffs' Ramadan diet violated

Plaintiffs' First or Eighth Amendment rights.   Defendants argue that the Sixth

Circuit's legal analysis in the two cases on which Magistrate Judge Davis relied are

flawed, because the appellate court defined clearly established law at too high a level

of generality.   Specifically, Defendants refer to *Welch v. Spaulding*, 627 F. App'x

479 (6th Cir. 2015) (unpublished), and *Heard v. Ficano*, No. 14-2195 (6th Cir. Dec.

21, 2015) (unpublished).   Defendants further argue that the facts of those cases are

factually distinguishable.

## Analysis

Plaintiffs' First and Eighth Amendment claims are brought pursuant to 42

U.S.C. § 1983.   An official sued under § 1983 is entitled to qualified immunity

unless it is shown that the official violated a statutory or constitutional right that was

" 'clearly established' at the time of the challenged conduct."   *Ashcroft v. al-Kidd*,

563 U.S. 731, 735 (2011); *see also Plumhoff v. Rickard*, -- U.S. --, 134 S. Ct. 2012,

2023 (2014) (quoting *al-Kidd*).   For a right to be clearly established, the contours of

the right must have been "sufficiently definite that any reasonable official in the

defendant's shoes would have understood that he was violating it."   *Plumhoff*, 134

S. Ct. at 2023 (citing *al-Kidd*, 563 U.S. at 741).   In other words, "existing precedent

must have placed the statutory or constitutional question" confronted by the official

"beyond debate."   *al-Kidd*, 563 U.S. at 741.

The Supreme Court "ha[s] repeatedly told courts … not to define clearly established law at a high level of generality."   *Id*. at 742.   The Court explained in *Plumhoff* that "doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."   134 S. Ct. at 2023. Yet the Court acknowledged that overcoming qualified immunity does not require a plaintiff to identify "a case directly on point[.]"   *al-Kidd*, 563 U.S. at 741.   For example, the Court stated in an earlier case:

> To be established clearly… there is no need that "the very action in question have previously been held unlawful."   *Wilson v. Layne*, 526 U.S. 603, 615, 119 S. Ct. 1692, 143 L.Ed.2d 818 (1999). The unconstitutionality of outrageous conduct obviously will be unconstitutional, this being the reason, as Judge Posner has said, that "[t]he easiest cases don't even arise."   *K.H. v. Morgan*, 914 F.2d 846, 851 (7th Cir. 1990).   But even as to action less than an outrage, "officials can still be on notice that their conduct violates established law … in novel factual circumstances."   *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002).

*Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 377-78 (2009) (first ellipsis added, brackets removed).   "[A] requirement that a prior case be 'fundamentally' or 'materially' similar to the present case would be too rigid an application of the clearly established inquiry."   *Baynes v. Cleland*, 799 F.3d 600, 613 (6th Cir. 2015) (quoting *Hope*, 536 U.S. at 741).   As the Sixth Circuit stated later in *Baynes*: "[N]either a 'materially similar,' 'fundamentally similar,' or 'case

5

directly on point'-- let alone a factually identical case-- is required, and … the specific acts or conduct at issue need not previously have been found unconstitutional for a right to be clearly established law."   799 F.3d at 614 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Hope*, 536 U.S. at 742-43; *al-Kidd*, 131 S. Ct. at 2083).

Applying this guidance, the Court agrees with Magistrate Judge Davis that a reasonable official would understand that the Ramadan diet supplied to MDOC prisoners in 2011 and 2012 violated the First and Eighth Amendment rights of observing prisoners.   The Sixth Circuit's decision in *Colvin v. Caruso*, 605 F.3d 282 (2010), established that " 'prison administrators must provide an adequate diet without violating the inmate's religious restrictions.' "   *Id*. at 290 (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002)).   The court stated further that " '[i]f the prisoner's diet … is sufficient to sustain the prisoner in good health, no constitutional right has been violated.' "   *Id*.   Conversely stated, a prisoner's constitutional rights are violated if the diet he is given is not sufficient to sustain him in good health.   In *Colvin*, the court found it to be a "close[] call" whether the plaintiff "received food 'sufficient to sustain him in good health[]' " where he received nonkosher food at every meal for sixteen days, thus resulting in his diet being limited to fruit during that time.   *Id*. at 291.

6

Here, the MDOC Ramadan menu in 2011 and 2012-- at least as outlined-- provided Muslim inmates 1,803 and 1,756 average daily calories, respectively. (ECF Nos. 114-11 at Pg Id 1369, 114-12 at Pg ID 1372, 119-1, 119-2.)   The evidence indicates, however, that Plaintiffs oftentimes received meals containing less food than what was set forth on the Ramadan menu or inedible food and that the morning meal frequently was served after sunrise, thus precluding Plaintiffs from consuming the meal in accordance with the strictures of Ramadan observance. (*See, e.g.*, ECF No. 117 at Pg ID 1764-67; ECF No. 117-2 at Pg ID 1805, 1827.) Plaintiff Antonio Hudson testified that when he spoke to MDOC official J. Crosby about the grievance he filed concerning his Ramadan meals, she said she did not have to follow the Ramadan menu guidelines and that the warden was not making her follow policy.   (ECF No. 140 at Pg ID 2563, 2570; *see also* ECF No. 120-1 at Pg ID 2195.)   Plaintiff Hudson estimated that he received 900 calories a day during Ramadan 2011 and 2012.   (ECF No. 140 at Pg ID 2566, 2568.)

Plaintiffs testified that they suffered hunger pains, headaches, extreme weight loss, dizziness, fatigue, and/or shakiness during Ramadan.   (*See, e.g.*, ECF No. 117 at Pg ID 1773; ECF No. 117-2 at Pg ID 1844, 1867-78.)   Plaintiff Charles Conway testified that he lost at least 11 pounds during Ramadan 2012.   (ECF No. 117 at Pg ID 1772-73.)   Plaintiff Hudson testified that he lost at least 12 pounds during

7

Ramadan 2011 and 2012.   (ECF No.140 at Pg ID Pg ID 2557-58.)   Plaintiff Jose

Rodriguez lost 15-20 pounds during Ramadan 2012.   (ECF No. 117-3 at Pg ID

1913.)

MDOC policy directives require that "[a]ll menus and all meals as actually

served at a correctional facility shall satisfy the nutritional and caloric

recommendations set forth in the dietary reference intakes approved by the National

Research Council."   (ECF No. 118-1 at Pg ID 1964.)   The policy directives further

instruct that "[t]he current edition of 'The Dietary Guidelines for Americans' by the

United States Department of Health and Human Services and Department of

Agriculture shall be followed by menu planning."   (*Id*. at Pg ID 1965)   Those

guidelines recommend 2,400 to 2,600 calories per day for moderately active men in

Plaintiffs' age range.   (ECF No. 118 at ¶¶ 3, 4.)

As such, viewing the evidence in a light most favorable to Plaintiffs, they may

have received as little as one third of the recommended daily calories for the one

month Ramadan period in 2011 and 2012.   A reasonable official would have known

that this was insufficient to sustain Plaintiffs in good health and thus violated their

First and Eighth Amendment rights.   *See Welch v. Spaulding*, 627 F. App'x 479,

484 (6th Cir. 2015) (denying qualified immunity to prison officials where prisoners

observing Ramadan were provided approximately 1,300 calories per day during the

30-day period).   A previous decision of the Supreme Court or Sixth Circuit after

*Colvin* was not needed to place this constitutional question confronted by

Defendants "beyond debate."

　　For these reasons, the Court rejects Defendants' objections to Magistrate

Judge Davis' August 1, 2016 R&R and adopts the R&R.

　　Accordingly,

　　**IT IS ORDERED** that Plaintiffs' motion for partial summary judgment (ECF

No. 115) is **DENIED**;

　　**IT IS FURTHER ORDERED** that Defendants' motion for summary

judgment (ECF No. 114) is **GRANTED IN PART AND DENIED IN PART** in

that Plaintiffs' claims alleging violations of RLUIPA and the Equal Protection

Clause (Counts II, III, and V) are **DISMISSED WITH PREJUDICE**, Plaintiffs'

claims related to the denial of halal meals are **DISMISSED WITHOUT**

**PREJUDICE**, and the following Defendants are **DISMISSED AS PARTIES TO**

**THIS LAWSUIT**: Daniel H. Heyns, Dennis Straub, Jeffrey Larson, and Mitch

Perry.

　　　　　　　　　　　　　　　s/ Linda V. Parker
　　　　　　　　　　　　　　　LINDA V. PARKER
　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE

Dated: September 20, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 20, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
